**Bernard DILLY and Eleanor P. Dilly, Appellees,**

v.

**S. S. KRESGE, a corporation, Appellant.**

No. 78–1106.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 9, 1979.

Decided Sept. 26, 1979.

John S. Bailey, Jr., Parkersburg, W. Va. (Earley, Bailey & Pfalzgraf, Parkersburg, W. Va., on brief), for appellant.

Louie S. Davitian, Parkersburg, W. Va. (William L. Jacobs, Parkersburg, W. Va., on brief), for appellees.

Before RUSSELL and WIDENER, Circuit Judges, and HOFFMAN, District Judge *.

WIDENER, Circuit Judge:

The plaintiffs, Bernard and Eleanor Dilly, brought this action against her employer, S. S. Kresge Co., for injuries she received during the course of employment. The uncontested facts are that an assistant manager of Kresge came to the soda fountain area of the store, where Eleanor Dilly worked, and ordered a cup of hot chocolate. After he was told that they had no hot chocolate, the assistant manager grabbed Mrs. Dilly, shook her and said "What the hell do you mean running out of hot chocolate?" Eleanor Dilly stated in her deposition that she thought the assistant manager was serious and angry. The assistant manager contends that he was joking. As a result of the assistant manager's action, Mrs. Dilly claims her neck was injured.

The parties filed cross-motions for summary judgment. The district court granted summary judgment for the plaintiffs on the issue of liability and set a hearing to ascertain the amount of damages, if any, due the plaintiffs. Kresge filed a motion to set aside the district court's order pursuant to FRCP 59. This motion was denied. A notice of appeal was then filed and an appeal was taken to the order granting summary judgment in favor of the plaintiffs.

The defendant takes the position that the appeal from the grant of summary judgment for the plaintiffs and the denial of its Rule 59 motion is an appeal from a final order. We do not agree. The notice of appeal was filed and the appeal was taken prior to the ascertainment of damages; therefore, it was not a final order

---

* U. S. District Court for the Eastern District of Virginia, sitting by designation.

within the meaning of 28 U.S.C. § 1291. Neither has an interlocutory appeal been perfected as provided for in § 1292(b). Thus, we are without jurisdiction to hear this appeal. "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). In the case at bar, the district court found the defendant liable but delayed awarding damages until a hearing was held to determine their existence and amount. There is obviously something else for the district court to do but execute the judgment. We approve what Judge Friendly has said on the question at hand:

> "The court had not finally determined the respective rights and liabilities of [the parties] since it had not fixed the damages. . . . If history, precedent or principle left any ground to doubt that a judgment determining liability but not fixing damages is not final under 28 U.S.C. § 1291, this would be removed by the provisions of 28 U.S.C. § 1292(a)(3) and (4) authorizing appeals from 'interlocutory decrees . . . determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed,' and 'judgments in civil actions for patent infringement which are final except for accounting.' "

*Western Geophysical Co. v. Bolt Associates, Inc.*, 463 F.2d 101, 102 (2d Cir. 1972). Accord, 15 Wright & Miller, *Federal Practice and Procedure*, Civil § 3915.

Accordingly, the appeal is

*DISMISSED.*[1]

---

1. The question concerning the dismissal of the appeal and the jurisdiction of the court was initiated by the court at oral argument. The briefs did not address that subject. The subject briefed, however, and also argued was the question of whether or not summary judgment for the plaintiffs was appropriate.

While what follows is dicta, the case must be reconsidered by the district court, so what we say may not be too far a departure from appropriate judicial restraint. Perhaps another appeal on the same record can be avoided.

West Virginia law exempts employers, who pay into the workmen's compensation fund, from liability for injuries to employees which occur in the course of their employment unless the injury results "from the deliberate intention of [the] employer to produce such injury." West Virginia Code §§ 23–2–6, 23–4–2.

The West Virginia court recently held that these provisions meant that "an employer loses immunity from common law actions where such employer's conduct constitutes an intentional tort or willful, wanton, or reckless misconduct." *Mandolidis v. Elkins Industries, Inc.*, 246 S.E.2d 907, 914 (W.Va.1978).

In view of the fact that the testimony of the assistant manager was that his touching of the plaintiff, Eleanor Dilly, was in a joking manner, and the testimony of her that his touching of her was not in a joking manner, rather serious or angry, we think the district court should carefully reconsider its grant of summary judgment. It recognized this very conflict in its opinion. The key and essential evidence in the case appears to be in direct conflict, and if that be true, as the record before us now indicates, the entry of summary judgment is open to serious question.

