809 F.2d 786
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Neill McKay ROSS, Defendant-Appellant.
 No. 86-3646.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 1, 1986.
Decided Jan. 5, 1987.
 
 Before WINTER, Chief Judge, and CHAPMAN and WILKINS, Circuit Judges.
 David W. Boone, Teague, Campbell, Dennis & Gorham, for appellant.
 Rudolf A. Renfer, Jr., Office of the United States Attorney, for appellee.
 PER CURIAM:
 
 
 1
 Neill McKay Ross, the defendant in an attorney malpractice action brought by the United States to recover damages resulting from an alleged false certification of title, appeals from the district court's entry of partial summary judgment in favor of the United States on the issue of liability. Ross seeks review of the district court's determination that suit is not barred by the three-year statute of limitations applicable to tort actions brought by the United States, 28 U.S.C. Sec. 2415(b). We dismiss the appeal for lack of jurisdiction.
 
 
 2
 Under 28 U.S.C. Sec. 1291, the courts of appeals have jurisdiction over appeals from all "final decisions" of the district courts. "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). Judgments determining liability, "where assessment of damages or awarding of other relief remains to be resolved have never been considered to be 'final' within the meaning of 28 U.S.C. Sec. 1291." Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737, 744 (1976). See also Fed.R.Civ.P. 56(c); Dilly v. S.S. Kresge, 606 F.2d 62 (4th Cir.1979).
 
 
 3
 Ross has conceded in his docketing statement filed with this Court pursuant to Internal Operating Procedure 3.2 that the district court's order granting judgment to the United States on the issue of liability and directing that a trial be scheduled to determine damages is not final and is not a collateral or interlocutory order reviewable under any exception to the finality rule. See 28 U.S.C. Sec. 1291; Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). A court of appeals is bound to determine whether it has jurisdiction in a particular case, regardless of whether a challenge to jurisdiction is brought by any party. See Schnur & Cohan, Inc. v. McDonald, 328 F.2d 103 (4th Cir.1964). As the materials before us clearly indicate that final judgment has not been entered and that the district court's order is not reviewable at this time, we must dismiss the appeal for lack of jurisdiction.
 
 
 4
 DISMISSED.