825 F.2d 409
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Fasih Q. ZAMAN, M.D., Plaintiff-Appellant,
v.
CHEROKEE COUNTY, SOUTH CAROLINA, et al; Don A. Gantt,
individually and in his official capacity as former Trustee
of the Cherokee County Memorial Hospital; O. C. Blackwood,
individually and in his official capacity as former Trustee
of the Cherokee County Memorial Hospital; Ruby P. Starnes,
individually and in her official capacity as former Trustee
of the Cherokee County Memorial Hospital; Ross Robbs,
individually and in his official capacity as former Trustee
of the Cherokee County Memorial Hospital; Charles T. Mathis,
Jr., individually and in his official capacity as former
Trustee of the Cherokee County Memorial Hospital; Larmon
Roberts, individually and in his official capacity as former
Trustee of the Cherokee County Memorial Hospital; Carl E.
Reynolds, individually and in his official capacity as
former Trustee of the Cherokee County Memorial Hospital;
Mickey Bailey, individually and in his official capacity as
former Trustee of the Cherokee County Memorial Hospital;
Junie H. White, individually and in her official capacity as
former Trustee of the Cherokee County Memorial Hospital;
Jason H. Brazee, individually and in his official capacity
as a former member of the Joint Conference Committee of the
Cherokee County Memorial Hospital; Arthur M. Pedersen,
individually and in his official capacity as a former member
of the Joint Conference Committee of the Cherokee County
Memorial Hospital; Lemuel M. Rosemond, Individually and in
his official capacity as a former mmnber of the Joint
Conference Committee of the Cherokee County Memorial
Hospital; Charles P. Stroupe, individually, Defendant-Appellee.
 No. 87-3505
 United States Court of Appeals, Fourth Circuit.
 Submitted May 14, 1987.
Decided July 17, 1987.
 
 H. Fulton Ross, Jr., Ross & Beach, for appellant.
 Terrell Lyles Glenn, Sr., Peter L. Murphy, William Ashley Jordan, Jr., McNair, Glenn, Konduros, Corley, Singletary, Porter, for appellees Cherokee County, Gantt, Blackwood, Starnes, Robbs, Mathis, Roberts, Reynolds, Bailey, and White.
 William Ussery Gunn, Holcombe, Bomar, Wynn & Gunn, for appellees Gantt, Blackwood, Starnes, Robbs, Mathis, Roberts, Reynolds, Bailey, and White.
 Kenneth Paul Woodington, Office of the Attorney General, for appellees Gantt, Blackwood, Starnes, Robbs, Mathis, Roberts, Reynolds, Bailey, and White.
 Beverly A. Carroll, Robert Reid Carpenter, Roddey, Carpenter & White, PA, for appellees Brazee, Pedersen, Rosemond, and Stroupe.
 Before MURNAGHAN, SPROUSE and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Fasih Q. Zaman, M.D., brought this 42 U.S.C. Sec. 1983 action alleging that his right to procedural due process was violated in the revocation of his staff privileges at Cherokee County Memorial Hospital in Cherokee County, South Carolina. On September 29, 1986, the district court denied Zaman's motion for partial summary judgment on the issue of liability pursuant to Fed. R. Civ. P. 56. On December 15, 1986, the district court denied Zaman's motion for reconsideration of that portion of the September 29 order denying him partial summary judgment. Zaman seeks to appeal the September 29 order denying partial summary judgment and the December 15 order denying reconsideration.
 
 
 2
 We dismiss the appeal for lack of jurisdiction. Neither the denial of partial summary judgment nor the denial of the motion for reconsideration is a final order pursuant to 28 U.S.C. Sec. 1291. See Glaros v. H. H. Robertson Co., 797 F.2d 1564, 1573 (Fed. Cir. 1986), cert. dismissed, ---- U.S. ----, 107 S.Ct. 1262 (1987); Dilly v. S.S. Kresge, 606 F.2d 62 (4th Cir. 1979). No Fed. R. Civ. P. 54(b) certification was made in this case. The orders also are not appealable under the exceptions of 28 U.S.C. Sec. 1292, and they should not be treated as final and appealable under Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949).
 
 
 3
 We decline to exercise pendent jurisdiction to review the claims raised by Zaman on appeal. The issue of immunity is a purely legal one, separate from the merits of Zaman's claim that his due process rights have been violated, and his claim that he is entitled to summary judgment on the issue of liability, without proof of actual damages. See Mitchell v. Forsyth, 472 U.S. 511, 528-29 (1985).
 
 
 4
 As the dispositive issues recently have been decided authoritatively, we dispense with oral argument and dismiss the appeal.
 
 
 5
 DISMISSED.