826 F.2d 1059
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ATTORNEY GENERAL OF the STATE OF MARYLAND; State of
Maryland, Plaintiffs-Appellees,
v.
Haynes Lee LOCKLEAR, Individually and doing business as
Riggs Motors, Defendant-Appellant,
and
Walter Robert Dickson; Douglas Craig Dickson; Carl R. Wells
Individually and doing business as S & W Auto
Sales; Marcus Garvey Guy, Defendants.
 No. 87-3844
 United States Court of Appeals, Fourth Circuit.
 Submitted July 14, 1987.
Decided Aug. 14, 1987.
 
 Stanley Martin Dietz for appellant.
 J. Joseph Curran, Jr., Attorney General, Peter Vernon Berns, Office of the Attorney General, for appellees.
 Before JAMES DICKSON PHILLIPS, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Attorney General of Maryland and the State of Maryland brought a civil action against Haynes Locklear and others to recover damages for the alleged violation of the federal odometer law and the Maryland Consumer Protection Act. Upon proper motion by the plaintiffs, the district court entered an order bifurcating the trial, limiting the first trial to the issue of liability and reserving the question of damages for subsequent trial, if necessary. The jury found that Locklear had conspired to violate and had violated the federal odometer law and was subject to liability. Locklear noted this appeal.
 
 
 2
 Under 28 U.S.C. Sec. 1291, this Court has jurisdiction to review final decisions of the district court. A final decision disposes of all issues in dispute as to all parties. 'Federal appellate jurisdiction generally depends on the existence of a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). The rights and liabilities of the parties in this action may not be determined without the assessment of damages; therefore, final judgment has not been entered in this case and the appeal must be dismissed as interlocutory. Dilly v. Kresqe, 606 F.2d 62, 63 (4th Cir. 1979); Western Geophysical Co. v. Bolt Associates, Inc., 463 F.2d 101, 102 (2d Cir.), cert. denied, 409 U.S. 1040 (1972).
 
 
 3
 Accordingly, we grant the appellees' motion to dismiss the appeal. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 4
 DISMISSED.