**Irving T. SCHWARTZ**

v.

**UNITED STATES of America.**

**UNITED STATES of America**

v.

**Marvin MANDEL, et al.**

**Civ. No. Y–81–350.**

**Crim. No. Y–75–0822.**

United States District Court,
D. Maryland.

March 27, 1990.

Ransom J. Davis and H. Russell Smouse, Baltimore, Md., for defendant Irving T. Schwartz.

Breckinridge L. Willcox, U.S. Atty., State of Md., and Jefferson M. Gray, Asst. U.S. Atty., Baltimore, Md., for the U.S.

## MEMORANDUM

JOSEPH H. YOUNG, Senior District Judge.

Plaintiff, Irving T. Schwartz, has filed an Amended Motion to Vacate Judgment and for Return of Forfeited Property. By order dated January 25, 1990 the Court denied Plaintiff's original motion for post-judgment relief under Rule 60(b) of the Federal Rules of Civil Procedure. 129 F.R.D. 117.

■ Although captioned as an "Amended Motion", Plaintiff's motion is properly considered as a "Motion to Alter or Amend a Judgment" pursuant to Fed.R.Civ.P. 59(e).[1] Thus construed, the motion is sub-

---

1. The government correctly asserts that Rule 15(a) is inapplicable in that the original Motion to Vacate does not fall within the Rule 7(a) definition of "pleadings" subject to the Rule 15 liberal amendment provisions. Furthermore, because Plaintiff contends that the Court com-

ject to the Rule's ten (10) day limitations period. Counting from the date following the January 25, 1990 Memorandum and Order, as prescribed by the computation of time provision of Rule 6(a), the period for timely service expired on or about February 8, 1990. Plaintiff first requested reconsideration in a letter dated February 27, 1990, and this motion was served on or about February 20, 1990.

■ The Court finds that Plaintiff's motion is untimely and concludes that the motion may be denied on that basis alone. However, in the interest of finality and avoidance of unnecessary relitigation of issues previously raised, albeit improperly, the Court will discuss it's reasons why, even upon reconsideration, Plaintiff's motion must be denied.

The relevant facts are fully set forth in the Memorandum attached to the January 25, 1990 Order. Essentially, Plaintiff seeks relief from the March 24, 1984 Order of the Court adopting and giving effect to the agreement reached between Plaintiff and the government to settle Plaintiff's claim to a property interest in 240,765 shares of stock in the Southern Maryland Agricultural Association ("SMAA"). The stock was forfeited to the government pursuant to the RICO conviction of a third party, Irvin Kovens, in the case of *United States v. Mandel*, Criminal No. Y–75–0822. As a result of a change in the Supreme Court's interpretation of the RICO statute, 18 U.S.C. § 1961 *et seq.*, the convictions and forfeitures of each of the *Mandel* defendants were subsequently held void *ab initio*. *United States v. Mandel*, 672 F.Supp. 864 (D.Md.1987), *affirmed* 862 F.2d 1067 (4th Cir.1988).

Although not a party to the *Mandel* criminal case, Plaintiff claims that the March 24, 1984 Stipulation and Order was "based on" the voided judgment of conviction and forfeiture in *United States v. Mandel, supra*, since voided, and that the agreement of the parties should similarly be declared void. As discussed in the January 25, 1990 Memorandum, the Court disagrees with Plaintiff's position that the agreement to settle for 40% of the claimed interest in the stock, rather than to seek mitigation of the presumed forfeiture at trial, was other than a decision to compromise based upon Plaintiff's assessment of the risks of litigation. The government's corresponding agreement to relinquish 40% of the property, despite the presumption of forfeiture similarly reflects its assessment of the risk that Plaintiff might prevail at trial or upon appeal.

Even if the forfeiture was determined valid (i.e. if Plaintiff failed to rebut the presumption of it's validity), Plaintiff would have retained the rights of an innocent third party to demonstrate that his interest in the forfeited property is exclusive of, or superior to, the interest of the defendant. *United States v. Rogers*, 602 F.Supp. 1332, 1347 (D.Colo.1985); *see United States v. Truglio*, 660 F.Supp. 103 (N.D. W.Va.1987); *see also* Senate Report No. 98–225, P.L. 98–473 *reprinted in* 1984 U.S. Code Cong. & Admin.News, 3182, 3391 (the right to a judicial determination of third party claims to forfeited property existed even prior to the 1984 amendments to 18 U.S.C. § 1963). Such a showing would not have been precluded by any finding as to the validity of criminal forfeiture and would have been in addition to the right to petition the Attorney General for rescission and mitigation of the forfeiture. 28 C.F.R. §§ 9.1–9.7.

Even if not "based upon" the voided convictions, Plaintiff argues that the settlement decree should be considered void for purposes of Rule 60(b)(4) on grounds that the government's sixty percent interest in the stock, agreed to pursuant to the terms of the settlement, is rendered void by the invalidity of the RICO forfeitures.

It is settled law that a consent judgment is no more than a judicially approved contract and should be treated as such. *United States v. I.T.T. Continental Baking Co.*, 420 U.S. 223, 95 S.Ct. 926, 43 L.Ed.2d

mitted error of law in its January 25, 1990 decision, rather than asserting excusable neglect of counsel or other extrinsic grounds for post-

judgment relief, the Court concludes that Rule 60(b) is inapplicable to the "amended" motion.

148 (1975); *United States v. Northern Colorado Water Conservancy District,* 608 F.2d 422 (10th Cir.1979); *Crowe v. Cherokee Wonderland, Inc.,* 379 F.2d 51 (4th Cir.1967). Under this analysis, Plaintiff's assertions regarding the voidness of the claims underlying the bargain constitutes an argument for restitution based on the mutual mistake of the bargaining parties. However, the mistake, if it is a mistake, pertains to a matter of law, *i.e.,* the legality of the underlying RICO forfeiture.

"One who pays money under a mistake of law has no right to restitution thereof, even though it was not legally due, if the payee claimed it as of right honestly and in good faith." Corbin, *Contracts, One Volume Ed.,* § 617, at 573; *see Sentry Indem. Co. v. Peoples,* 800 F.2d 1547 (11th Cir. 1986) (money paid in reliance on existing judicial decisions is not subject to return on a restitution theory when those decisions are later disapproved).

Plaintiff does not allege, and the evidence to date has not shown, any indication of a lack of good faith by the government in the bargaining and settlement of the Plaintiff's property claims. Under the applicable law, the Court concludes that Plaintiff is not entitled to restitution of the 60 percent of the stock conceded to the government, on grounds of what, in retrospect, turned out to be a mistaken assessment of the law relating to RICO forfeitures.

Upon again reviewing the relevant documents and the applicable law, the Court concludes that the relief sought by Plaintiff is not warranted by law or by fact. Accordingly, the Court finds no basis to alter or amend its determination that the March 24, 1984 Order was not "based upon" a void judgment for purposes of relief under Rule 60(b).