**Irving T. SCHWARTZ**

v.

**UNITED STATES of America.**

**Civ. No. Y–90–602.**

United States District Court,
D. Maryland.

Aug. 30, 1990.

Ransom J. Davis, Baltimore, Md., for plaintiff.

Breckinridge L. Willcox, U.S. Atty. for the State of Md., and Jefferson M. Gray, Asst. U.S. Atty., Baltimore, Md., for defendant.

## MEMORANDUM

JOSEPH H. YOUNG, Senior District Judge.

On February 23, 1990, Plaintiff, Irving T. Schwartz, filed a Complaint for Declaratory Judgment. Plaintiff seeks a declaration that the Order of Forfeiture entered pursuant to a final judgment in the criminal prosecution *United States v. Mandel, et al.,* was void *ab initio,* and, on the basis of that determination and again in reference to the criminal case, Plaintiff seeks a declaration that the United States lacks the statutory authority to retain a void RICO forfeiture but instead holds the stock in trust

for the rightful owner, Irving Schwartz. Defendant has filed a Motion to Dismiss Plaintiff's Complaint, Or In The Alternative, Motion for Summary Judgment on the ground that Plaintiff's complaint is barred by the doctrine of res judicata.

Although filed as a complaint, Plaintiff's Complaint For Declaratory Judgment is another creative attempt to influence this Court to vacate the Order of Forfeiture, March 24, 1984. The Court finds that Plaintiff's complaint is barred by res judicata and is, therefore, dismissed.

The pertinent facts are fully detailed in the Memoranda attached to the January 25, 1990 and March 27, 1990 Orders. Briefly, Plaintiff and Defendant entered into a settlement agreement whereby Plaintiff forfeited his claim to a property interest in 240,765 shares of stock. The parties entered into this settlement subsequent to the RICO convictions of a third party, Irvin Kovens, and other defendants in the case, *United States v. Mandel*, Criminal No. Y–75–0822. As a result of the Supreme Court's interpretation of the RICO statute, 18 U.S.C. § 1961 *et seq.*, however, the convictions and forfeitures of each of the *Mandel* defendants became void *ab initio*. *United States v. Mandel*, 672 F.Supp. 864 (D.Md.1987), *aff'd* 862 F.2d 1067 (4th Cir. 1988).

In his prior two motions, Plaintiff sought to vacate the Order of March 26, 1984, which gave effect to the agreement between the two parties. This Court denied both motions in Orders issued on January 25, 1990 and March 27, 1990, finding that Plaintiff did not base his decision to enter into the settlement upon the judgment of conviction and forfeiture in *United States v. Mandel, supra,* since voided. On April 16, 1990, Plaintiff noted an appeal.

■ "Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 327 n. 5, 99 S.Ct. 645,

649 n. 5, 58 L.Ed.2d 552 (1979). *See* 1B J. Moore, J. Lucas & T. Currier, *Moore's Federal Practice* 0.405[1] (1988) ("... in respect to the effect of a valid, final judgment[,] that such a judgment, when rendered on the merits, is an absolute bar to a subsequent action between the same parties or those in privity with them, upon the same claim or demand ..."). "The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon *any* ground whatever, absent fraud or some other factor invalidating the judgment." *Comm'r v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948) (emphasis supplied). Therefore, dismissal of a complaint, on res judicata grounds, requires: 1) that a court of competent jurisdiction entered a valid final judgment on the merits in the earlier suit; 2) that the later suit alleges the same cause of action as the earlier suit; and, 3) that the parties to the later suit are the same as or in privity with those in the earlier suit[1]. *See Federated Dep't Stores v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981). Because Plaintiff misconstrues the doctrine of res judicata, this Court will clarify the elements and how they bear on Plaintiff's present Complaint for Declaratory Judgment.

■ "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980); *Cromwell v. County of Sac,* 94 U.S. 351, 352, 24 L.Ed. 195 (1877). "A 'judgment on the merits', as that phrase is used in conventional statement of the res judicata doctrine, is not necessarily a judgment based upon a trial of contested facts." 1B *Moore's, supra,* 0.409[1.–2]. Defendant maintains, and this Court agrees, that Plaintiff's declaratory action seeks the same relief sought in Plaintiff's Motion To Vacate Judgment and For Return of For-

---

**1.** This element is not in controversy. The parties to this action are the same as the prior two actions.

feited Property filed October 10, 1989 in *Irving T. Schwartz v. United States of America,* Civil Action No. Y–81–350 and in Plaintiff's Amended Motion To Vacate Judgment and For Return of Forfeited Property filed by Plaintiff in the same action on February 21, 1990. This Court denied relief in Orders issued on January 25, 1990 and March 27, 1990. It is to these Orders that res judicata extends.[2]

Plaintiff argues that res judicata does not attach to these Orders since such Orders[3] are not "judgments", nor are they "judgment[s] on the merits". Plaintiff's Supplemental Brief (Pl.Supp.Br.) at 2–3.

Plaintiff contends that a "decision" and a "judgment" are two separate entities under the doctrine of res judicata. Pl.Supp.Br. at 2. Apparently, Plaintiff is of the belief that the orders issued denying Schwartz relief are "decisions" not "judgments" and accordingly, cannot be given res judicata effect. These two terms are commonly used interchangeably. *Black's Law Dictionary* 755 (5th ed. 1979). As Defendant notes, Fed.R.Civ.P. 54(a) defines "judgment" as it is used in *"these* rules, to include a decree and any order from which an appeal lies." *Compare Dilly v. S.S. Kresge,* 606 F.2d 62, 63 (4th Cir.1979) ("a final decision generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment") *with U.S. v. McWhirter,* 376 F.2d 102, 104 (5th Cir.1967) (" 'final judgment' is defined as one which terminates the action and leaves nothing to be done but the ministerial functions necessary to execute the judgment").

Plaintiff's argument that these Orders are not "judgment[s] on the merits" is equally without merit. For the purpose of res judicata, a decision is "on the merits" if it is based "on the legal rights as distinguished from mere matters of practice, procedure, jurisdiction, or form." *Fairmont Aluminum Co. v. Commissioner,* 222 F.2d 622, 625 (4th Cir.), *cert. denied,* 350 U.S. 838, 76 S.Ct. 76, 100 L.Ed. 748 (1955); *See also Clegg v. U.S.,* 112 F.2d 886, 887 (10th Cir.1940) (" 'Merits' has been defined as 'the real or substantial grounds of action or defense as distinguished from matters of practice, procedure, jurisdiction, or form.' "); *See also Harper Plastics, Inc. v. Amoco Chemicals Corp.,* 657 F.2d 939, 943 (7th Cir.1981). As Defendant accurately states, this Court's denial of Plaintiff's motions to vacate, were on substantive, rather than technical or procedural grounds. Therefore, these Orders were "on the merits" satisfying the first element of res judicata.

▪ Dismissing the complaint, under the res judicata doctrine, requires the

---

**2.** There appears to be some confusion as to which Orders res judicata applies. Plaintiff attempted to show that the Order of March 26, 1984, approving the agreement between the parties pertaining to the division of stock in Southern Maryland Agriculture Association, was the Order to which res judicata applied, if it applied at all. *See* Plaintiff's Supplemental Brief at 5 (Plaintiff argues that there has been a change of circumstances between March 26, 1984 and the present Complaint resulting from the 1987 Order to Vacate in the *Mandel* case and the 1988 affirmance by the Court of Appeals). Plaintiff's next attempt to refute Defendant's opposition to this complaint is to twist Defendant's res judicata reasoning into its intent to argue collateral estoppel. This Court recognizes Defendant's Motion to Dismiss on res judicata grounds, not on collateral estoppel grounds.

**3.** Plaintiff confuses the finality of "filing a motion" and "an order denying a motion". Defendant correctly instructs the Plaintiff as to the differences. As Defendant notes, filing a Rule 60(b) motion "does not affect the finality of a judgment or suspend its operation." Fed.R. Civ.P. 60(b). "Once the Court renders its decision on the motion to vacate, however, a different situation exists. If the court grants the Rule 60(b) motion, the judgment is set aside. If, as in this case, the motion is denied, the original judgment stands." Defendant's Reply to Plaintiff's Supplemental Brief at 6–7. This order is final and appealable. *Id.* See *Ford Motor Co. v. Busam Motor Sales,* 185 F.2d 531 (6th Cir.1950) ("[a]n appeal is properly taken from the judgment previously entered rather than from the order which refused to set it aside"). *See Plotkin v. Pacific Telephone & Telegraph Co.,* 688 F.2d 1291, 1292 (9th Cir.1982) (order denying motion to vacate judgment is appealable as a final judgment); *St. Luke's Hospital v. Melin,* 172 F.2d 532, 533 (8th Cir.1949) (judgment of district court became final when district court denied motion to vacate); *Zadig v. Aetna Ins. Co.,* 42 F.2d 142, 144 (2nd Cir.1930) (order denying motion to vacate order dismissing complaint was "final" appealable decision).

claims to be identical. *Parklane, supra.* If "a single core of operative facts" forms the basis of both suits, then the present complaint must be dismissed. *See Smith v. City of Chicago,* 820 F.2d 916, 918 (7th Cir.1987). The settlement between the parties embodied in the Order of this Court dated March 26, 1984 and the subsequent granting of the writ of error *coram nobis* setting aside the convictions of the *Mandel* defendants as being void *ab initio* ·is the factual basis for both the motions to vacate and the present Complaint for Declaratory Judgment. Although Plaintiff continues to seek victory by changing the caption of each of his actions, "a mere change in legal theory does not create a new cause of action". 18 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction,* 4407 at 63 (1981). *See Smith, supra* at 918; *Cannon v. Loyola Univ.,* 784 F.2d 777, 780 (7th Cir.), *cert. denied* 479 U.S. 1033, 107 S.Ct. 880, 93 L.Ed.2d 834 (1987).

■ In Plaintiff's Motion to Vacate Judgment and For Return of Forfeited Property at 14–15, *Irving T. Schwartz v. U.S.* (No. Y–81–350), Plaintiff sought, *inter alia,* 1) to have the Court declare the agreement entered into on February 2, 1984 null and void, Plaintiff's Motion at 14, and 2) a court order awarding the full amount of the SMAA stock, previously declared forfeited to the United States, restored to Plaintiff as rightful owner or, alternatively, to award Plaintiff the full monetary value of the stock. Plaintiff's Motion at 15. In his Amended Motion to Vacate Judgment and Motion for Reconsideration in the same action, Plaintiff sought to have the Order of March 26, 1984 declared void under Rule 60(b)(4), arguing that the RICO forfeiture based upon a void conviction is void. *Id.* at 12–14.

By his present Complaint for Declaratory Judgment, it is obvious that Plaintiff is determined to be victor without considering judicial procedure. Here, Plaintiff seeks the same resolution, that the Order of Forfeiture in *United States v. Mandel, et al.* was void *ab initio,* and, on the basis of that determination and again in reference to the criminal case, Plaintiff seeks a declaration that the United States lacks the statutory authority to retain a void RICO forfeiture but instead holds the stock in trust for the rightful owner, Irving Schwartz. The common cause of action between the prior two motions and this suit is clear, the desire to seek relief from the March 24, 1984 Order.

Although Plaintiff readily admits that "the underlying subject of both motions and the Complaint for Declaratory Judgment are essentially the same", Plaintiff argues that this Court failed to address these issues in either of the two Orders.

In fact, in both Orders, this Court spoke directly to the first issue, declaring the Order of Forfeiture void. The Court determined that the March 24, 1984 Stipulation and Order was not "based on" the *Mandel* convictions for the purposes of Rule 60(b)(5) but that other factors were considered in Plaintiff's decision to enter into settlement. The Memorandum states "[t]he only effect that the *Mandel* decision had upon the settlement and the March 26, 1984 Order is in the parties' assessment of the risks involved in carrying the matter to a full trial on the merits." *Memorandum and Order,* 129 F.R.D. 117 (January 25, 1990), at 121. In the *Memorandum and Order,* 733 F.Supp. 235 in the same action (March 27, 1990), the Court denied the Rule 60(b)(4) motion, stating that the Order of Forfeiture was not "based on" the voided convictions nor that the claims underlying the bargain constitutes an argument for restitution based on mutual mistake of the parties. *Id.* at 236. Because the Court determined that the Order of Forfeiture is to remain in force, the Court need not address the second issue, whether the United States lacks statutory authority to retain a void forfeiture. In fact, due to the reasoning of this Court, it is unable to address the second issue since it would require a declaration of law which cannot affect the rights of the litigants before it. *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971) ("federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them"); *See Oil Workers Unions v. Missouri,* 361 U.S. 363, 367, 80 S.Ct. 391, 394, 4 L.Ed.2d 373

(1960) ("the duty of this Court is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it"). The elements constituting res judicata are satisfied.

█ However, Plaintiff further asserts, incorrectly, that res judicata does not apply to declaratory judgments. Plaintiff's Response to Defendant's Opposition at 3. Defendant clarifies this point:

> The present trend is to see claim in factual terms and to make it coterminous with the transaction *regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff;* regardless of the number of primary rights that have been invaded; regardless of the variations in the evidence needed to support the theories or rights. The transaction is the basis of the litigative unit or entity which may not be split.

Restatement (Second) of Judgments, 24 comment a (emphasis supplied). Additionally, "[s]o long as the request for declaratory relief is combined or followed with coercive relief, the claim preclusion rules that apply to coercive relief apply with full force." 18 Wright, Miller & Cooper, *supra,* 4440 at 401. *See Jackson v. Hayakawa,* 605 F.2d 1121, 1125 (9th Cir.1979), *cert. denied,* 445 U.S. 952, 100 S.Ct. 1601, 63 L.Ed.2d 787 (1980) ("[a]lthough damages are sought here, whereas declaratory relief was sought in [prior case], the issues are identical); *Neale v. Goldberg,* 525 F.2d 332, 332 (9th Cir.1975) (where judgment in state court for relief in addition to simple declaration of rights of parties, the judgment was res judicata as of same issues subsequently presented by complaint in district court). Here, Plaintiff is seeking more than a declaration of rights. He is seeking to have the Order of Forfeiture voided, *ab initio.* This Court has previously determined that the Order of Forfeiture will stand. Since the request for declaratory relief is combined with a request for coercive relief, the claim preclusion rules apply.

It is clear that Plaintiff misinterprets the law of declaratory judgments, since this Complaint for Declaratory Judgment should never have been filed. Declaratory judgments require the existence of an actual controversy. To entertain a declaratory judgment action, the controversy "must exist[ ] at the time the action is for disposition and not at the time it was initiated." *Golden v. Zwicker,* 394 U.S. 103, 108, 89 S.Ct. 956, 959, 22 L.Ed.2d 113 (1969). "An action for a declaration may not be employed to relitigate a claim already adjudicated ..." Restatement (Second) of Judgments 33 comment a (1982). "So also an action to adjudicate interests in property ... may be cast in declaratory form. This should not alter the res judicata effects of the judgments." *Id.* comment d.

The substance of the claims sought by Plaintiff were addressed, disposing of any controversy, as of the Order dated January 25, 1990. The Order dated March 27, 1990, further emphasized this Court's decision denying Plaintiff's demand to void the Order of Forfeiture. Unquestionably, no controversy existed subsequent to March 27th, and no actual controversy exists at this time, the date of disposition. Since the cause of action here was addressed in substance in the prior two Orders, res judicata applies. Plaintiff has taken the appropriate steps by noting an appeal of the January and March Orders.

Accordingly, the Complaint for Declaratory Judgment is hereby dismissed.