UNITED STATES of America

v.

Marvin MANDEL, W. Dale Hess, Harry
W. Rodgers, III, William A. Rodgers,
Irvin Kovens, Ernest N. Cory, Jr.

Crim. No. S 75–0822.

United States District Court,
D. Maryland.

May 26, 1994.

Lynne M. Battaglia, U.S. Atty., Baltimore, MD, for plaintiff.

William F. Gately, H. Thomas Howell, Una M. Perez, Howell, Gately, Whitney & Carter, Towson, MD, for defendant.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This ancient criminal case is once again before the Court, this time on the motion of the personal representative of the deceased defendant Kovens for modification of the writ of error *coram nobis* issued by this Court on November 12, 1987, in *United States v. Mandel,* 672 F.Supp. 864 (D.Md.1987), *aff'd.,* 862 F.2d 1067 (4th Cir.1988), *cert. denied,* 491 U.S. 906, 109 S.Ct. 3190, 105 L.Ed.2d 699 (1989). The motion seeks an order of Court to the effect that the Government turn over to the movant the value of certain race track

stock forfeited to the Government attendant upon Kovens' conviction. That stock has been the subject of prior litigation. In the prior litigation, *Schwartz v. United States,* 976 F.2d 213 (4th Cir.1992), a Mr. Irving Schwartz claimed that he should have the value of the stock (claiming as the owner of it, not merely the nominee of Kovens), in that the *Mandel coram nobis* litigation established that the Government had no right to claim the stock at all consequent to a criminal conviction. It was noted in *Schwartz,* 976 F.2d at 216 and 219, that Kovens had not (as had three of the other defendants who obtained *coram nobis* relief) sought any modification of the *coram nobis* writ concerning recovery of the stock or its value, nor had he or his estate asserted any claim during the lengthy proceedings in the Schwartz vs. Government fight, which was chronicled in Judge Young's opinion, reported at 745 F.Supp. 1132 (D.Md.1990).

Now, seven years after this Court granted the writ, and four years after Schwartz and the Government got into complex litigation over the stock, Kovens' personal representative wants it, *via* a modification of the writ. The motion will be summarily denied.

First, as both this Court and the Fourth Circuit have made clear, *coram nobis* relief is of the most extraordinary sort, given only to alleviate a fundamental miscarriage of justice. *Mandel,* 672 F.Supp. at 866, 862 F.2d at 1075. An unfounded forfeiture of property would not seem, standing alone, to be within the realm of a fundamental miscarriage of justice. Although the individual to whom *coram nobis* relief is awarded might well seek restoration of all fines and forfeitures as an adjunct to a declaration that a conviction was fundamentally unjust, it is not clear that such relief must necessarily accompany the grant of the writ, or even that it should in any given case.

But, more fundamentally, the writ is in the nature of a personal remedy to right a wrong done to someone wrongly convicted. This Court is of the opinion that, just as in the case of a writ of *habeas corpus,* the right to pursue the remedy of *coram nobis* (or to seek any modification thereof) dies with the person convicted. Textually, such a conclu-

sion is required by the language of 28 U.S.C. §§ 2254 and 2255, requiring that the applicant be "in custody." The writ of error *coram nobis* in modern criminal law serves only to give a vehicle to those unjustly convicted, but not "in custody," to be free of the lingering disabilities of a conviction during their lifetimes, and it has been specifically held that the estate of a convicted individual has no standing to pursue *coram nobis* relief to recapture fines and other penalties attendant upon the decedent's conviction. *See, e.g., United States v. Kerner,* 895 F.2d 1159 (7th Cir.1990). This Court agrees with *Kerner,* and it sees no distinction to be drawn between original pursuit of the writ by the estate, as in *Kerner,* and pursuit of monetary recompense under a modification of the writ, as here. The case cited by movant, *United States v. Miscellaneous Jewelry,* 667 F.Supp. 232 (D.Md.1987), *aff'd.,* 889 F.2d 1317 (4th Cir.1988) is not apt, given the fundamental difference between *coram nobis* relief—discretionary relief of the highest order—and the constitutional and statutory right to contest ownership of property before the entry of a judgment of forfeiture, with which *Miscellaneous Jewelry* dealt, and as to which, anyone would readily agree, a decedent's estate has standing to litigate.

Furthermore, in that this motion serves as a vehicle for revisiting a judgment granting the writ of *coram nobis* that long ago became final, the Court must be convinced that relief has been sought within a reasonable time under Civil Rule 60, which was intended to, and does expressly, supplant *coram nobis* in civil cases (and the fundamental nature of *coram nobis,* like *habeas corpus,* is more civil than criminal). As pointed out in the Fourth Circuit's opinion in the *Schwartz* litigation, Kovens made no claim to the stock (by way of a motion for modification of the *coram nobis* judgment or otherwise) in his lifetime, nor did his estate do so up until the filing of this motion, in May of 1994. There is no indication that relief from the Court's *coram nobis* judgment is sought on the grounds that *that* judgment was void, Fed.R.Civ.P. 60(b)(4), and, thus, the motion should have been made within a reasonable time. There is not a

word in the present motion that, despite its obvious untimeliness (coming seven years after the writ was granted), justifies the long delay, during which the Government was engaged in lengthy litigation over the very same assets with Mr. Schwartz, while the Kovens interests were, according to the Fourth Circuit, on the sidelines. It would be positively unjustified to revisit the matter now, after the lapse of a plainly unreasonable time since the issuance of the writ of which modification is now sought.

For the reasons stated, the motion in question will be, by a separate order, summarily denied.

### ORDER

For the reasons stated in a Memorandum Opinion entered herein this date, it is, by the Court, this 26th day of May, 1994, ORDERED:

1. That the motion of Jacqueline Kovens for modification of the order granting *coram nobis* relief entered November 12, 1987, BE, and it hereby IS, DENIED; and

2. That the Clerk mail copies hereof and of the said Opinion to counsel for the movant and to the United States Attorney for this District.