Richards, J.
Plaintiff below, defendant in error here, brought an action in the court of common pleas to recover damages and' for a-n attachment; the court of common pleas sustained the attachment, to which judgment error was prosecuted to this court and the judgment sustaining the attachment was reversed and the attachment discharged. While that proceeding in error was pending in this court plaintiff secured in the court of common pleas the entering of a judgment by default, in the following terms:
“This matter coming on to be heard upon the petition, the court finds that an attachment was issued and levied herein upon the property of the defendant in Lucas County, Ohio, and that said property was appraised and valued at $1,582.95, and that said property is now held by the sheriff of *469 Lucas County, Ohio, under & by virtue of said • attachment.
“The court further finds that the defendant is in default for answer or demurrer, and that the allegations of the petition are confessed by defendant to be true, and that plaintiff is entitled to recover damages from defendant.
"It is therefore ordered that this cause be sent to a jury to ascertain and assess said damages, and that the Sheriff of Lucas County, Ohio, proceed as upon execution to advertise and sell the personal property hereto attached to pay said damages.”
It will be observed that no damages were assessed, but that the cause was directed to be sent to a jury to ascertain and assess the damages, and in fact no damages have as yet been assessed. Shortly after the entering of the above-quoted order, plaintiff in error, The W. C. Pressing Canning Company, filed a petition in error in this court to reverse the alleged judgment, on the grounds that it had never been served with summons or process, had never entered its appearance, and that the court of common pleas had never acquired jurisdiction over it'. The only question in this case is whether the entry made in the court of common pleas is a final order or judgment, which will authorize the prosecution of a proceeding in error.
Section 12258, General Code, defines • a final order as follows: *470 which may be vacated, modified, or reversed as provided in this title.”
*469 “An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, * * * is a final order
*470 We are of the opinion that where a default is taken in an action to recover damages, and the cause directed to be sent to a jury for the assessment of damages, this is not a final order determining the action within the meaning of the section above quoted, and that error will not lie to procure a reversal of such order until after the damages shall have been assessed by a jury and a judgment rendered therefor. So far as we are aware our supreme court has not directly passed on this question in any reported case, but the views of the court have been expressed in the ■course of the opinions in several cases. In the case of Towner v. Wells et al., 8 Ohio, 136, 141, the court uses this language:
“Further proceedings were necessary to be had before the right's of the parties could be ascertained, or before execution could be issued. It may properly be assimilated to a judgment, by default or on . demurrer, where a subsequent inquiry of damages is necessary. Such judgments are merely interlocutory, and can not operate as liens upon the lands and tenements of a defendant.”
Also, in Teaff v. Hewitt, 1 Ohio St., 511, the court held that an interlocutory decree is one which leaves some material question open for future determination.
See also Kelley v. Stanbery et al., 13 Ohio, 408, 421, to the same effect.
In the case of Kerosene Lamp Heater Company v. Monitor Oil Stove Company, 41 Ohio St., 287, 292, the court say in the course of the opinion:
*471 “When a cause is retained for reference to a master, for the purpose of ascertaining a material fact, the decree is interlocutory only, and does not become final until the whole merits of the cause have been disposed of and nothing remains for the further action of the court.”
We call attention to the unreported case of Arbuckle v. American Belting Company, 91 Ohio St., 415, in which the supreme court vacated the judgment of the court of appeals on the ground that it had not acquired jurisdiction of the case, there never having been any final order or judgment in the court of common pleas; and the supreme court remanded the case to the court of common pleas with instructions to proceed according to law to assess the amount of damages. While the brief memorandum of that case does not disclose the nature of the action, we have been favored by counsel in the case with a copy of the printed record, from which it appears that the action in the court of common pleas was one to recover damages, and that a default entry was made and entered finding the allegations of the petition to be true and upon the pleadings plaintiff was “entitled to damages, the amount thereof to be assessed by a jury upon the further hearing of this case.” And the court considered that the plaintiff should recover damages to be assessed by a jury to be thereafter impaneled. The printed record in that case also discloses that the court of appeals held that the entry did not amount to a final order or judgment, but was an interlocutory order only.
*472 Of course, it would follow, that if there were no final order, then the court of appeals should have dismissed the petition in error for want of jurisdiction; but that court proceeded to adjudicate certain other matters between the parties, not necessary to be here stated, and for that reason the supreme court, finding that' no final order or judgment had been rendered in the court of common pleas, vacated the order of the court of appeals and ordered that the damages should be assessed by a jury. This holding we deem to be conclusive on the case now at bar. The decision of the supreme court was in accordance with the doctrine as stated in the textbooks, notably 1 Black on Judgments (2 ed.), Section 28, where the rule is stated in the following language:
“The rule in regard to a judgment by default is, ■that if such' a judgment is rendered for a fixed and liquidated sum, or if the amount can be ascertained by mere calculation from the pleadings, it is final; but if the amount of the recovery or damages remains to be ascertained by a writ of inquiry or other judicial method of computation, then the judgment is merely interlocutory, until such amount is settled and entered on the record.”
See also 3 Corpus Juris, 607.
The supreme judicial court of Massachusetts, in Riley v. Farnsworth, 116 Mass., 223, held that a judgment for the plaintiff in an action for damages for breach of contract, without assessing damages, was not a final order, and that an appeal would not lie therefrom.
It follows from what has been said that the original action in the court of common pleas being *473 for damages, and the damages not having been yet assessed, a mere entry of default ordering that the case be sent to a jury to assess damages is not a final order or judgment and that the proceeding in error in this court to reverse the same must be dismissed. .

Petition in error dismissed.

Chittenden and Kinkade, JJ., concur.