DIEMER, APPELLEE, *v.* THE PUTNAM COUNTY FARMERS MUTUAL INS. CO., APPELLANT.

(No. 355—Decided July 15, 1946.)

*Messrs. Unverferth & Unverferth,* for appellee.
*Mr. Claud L. Recker,* for appellant.

MIDDLETON, P. J.  This cause comes into this court on appeal on questions of law from the Common Pleas Court of Putnam county.

The plaintiff filed his action against defendant, The Putnam County Farmers Mutual Insurance Company, to recover on a fire insurance policy issued by the defendant, for the loss of certain grain claimed to have been destroyed by fire.  Judgment was asked in the sum of $1,140.

Answer was filed by the defendant which admitted its corporate capacity and place of business, as set forth in the petition, and denied all other allegations of the petition.

Thereafter, the court rendered a decision which states that on "May 23, 1945, this matter was submitted to the court on an agreed statement of facts, for the purpose of having the court construe the policy of insurance involved in this case, and to determine the law governing the facts in this cause.

And the court being fully advised in the premises finds that under the law applicable to the facts as stated in the agreed statement of facts, the plaintiff is entitled to recover from the defendant under the policy of insurance submitted to the court, the loss sustained by the plaintiff on the wheat, rye, clover, straw and alfalfa, as alleged in the petition, the full value of such loss to be determined at some future date by this court, either by jury, or by the court if a jury is properly waived. To all of which judgment and finding, defendant by its counsel accepted.''

Subsequent thereto, a motion for new trial was filed which asked the court ''to vacate and set aside the decision of the court herein, for new trial.''

The court overruled the motion, which overruling was journalized on July 25, 1945, as follows:

''This 16th day of July, 1945, this cause came on to be, and was heard on the motion for a new trial and for a rehearing from the decision of the court rendered by it in the construction of the insurance policy involved in this case; and was submitted to the court without argument. The court finds that said motion is not well taken and should be and hereby is overruled.

''It is therefore ordered and considered by the court, that the plaintiff recover from the defendant, The Putnam County Farmers Mutual Insurance Company, of Ottawa, Ohio, the value of the wheat, rye, wheat straw, and rye straw, clover and alfalfa, standing and growing on the premises described in the petition belonging to plaintiff, said sum recoverable to be ascertained and determined by a jury duly empaneled and sworn, or by the court if and when a jury is waived by all parties interested in this cause.

''To all of which finding and judgment the defendant by its counsel, then and there, here and now

except, and the amount of the penalty of the appeal bond, if one is required, is fixed at $200.''

From that order, notice of intention to appeal was filed.

The court must first determine whether it has jurisdiction to entertain the appeal. It follows that the court does not have jurisdiction unless the order appealed from is a judgment within the meaning of Section 6 of Article IV of the Constitution of Ohio, that is a judgment or final order as defined in Sections 11582 and 12223-2, General Code, which are as follows:

''Section 11582. A judgment is the final determination of the rights of the parties in action. A direction of a court or judge, made or entered in writing and not included in a judgment, is an order.''

''Section 12223-2. An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, or an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, or an order vacating or setting aside a general verdict of a jury and ordering a new trial, is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial, as provided in this title.''

It will be observed that no damages were assessed. On the contrary, the court's order provides that the sum recoverable is to be ascertained and determined by a jury duly impaneled and sworn, or by the court if and when a jury is waived by all parties interested in this cause.

The action was not a special proceeding and the order of the court did not determine the action between the parties or prevent a judgment; the court did not render any judgment upon which any writ could

188

issue, and the court did not finally determine any matter which would be *res judicata* in any subsequent proceedings in the case. Further proceedings were necessary before the rights of the parties could be finally determined.

The order of the court made in this cause is nothing more than an interlocutory order from which no appeal lies.

Holding this view, the court does not have jurisdiction to entertain the appeal and the same is dismissed.

*Appeal dismissed.*

JACKSON and GUERNSEY, JJ., concur.