NEUMEYER, APPELLEE, v. BRICKLEY, APPELLANT.

(No. 305—Decided November 16, 1960.)

*Messrs. Cross & Harkins*, for appellee.

*Messrs. Carson, Roderick & Holden* and *Messrs. Laribee & Cooper*, for appellant.

DOYLE, P. J.   A motion entered in this court challenges the right of the defendant to appeal from a claimed judgment of the Court of Common Pleas of Medina County, rendered in favor of the plaintiff on the pleadings, and leaving for future determination the issue of damages.   It is argued that the claimed judgment from which the appeal is taken is not an appealable order.

The action was brought by a workman who claimed damages for personal injuries resulting from work while in the employ of the defendant.   The petition alleged that: (a) "the defendant failed to provide safe tools with which to work"; and (b) "the defendant failed to contribute to the state insurance fund as required by Section 4123.01 of the Revised Code of the state of Ohio."

The amended answer of the defendant pleaded special defenses, which were denied by the reply of the plaintiff.

The journal entry from which the appeal is taken reads in part:

"This cause came on for hearing, after being regularly set for trial * * *, the jury being impaneled and sworn, and before opening statements of counsel for plaintiff and defendant, on the motion of the plaintiff herein made for judgment on the pleadings against the first defense and second defense of the amended answer of the defendant * * *.

" * * * *

"The court on consideration of the motion of the plaintiff herein finds that appearing from the statements in the first and second defenses of the amended answer of the defendant filed herein that said defenses are not valid defenses to plaintiff's petition and that said plaintiff is entitled by law to a judgment in his favor, said motion is hereby sustained and judgment is hereby rendered in favor of plaintiff and against the defendant on the pleadings, and this cause is continued for proof of damages."

The jurisdiction of the Courts of Appeals is granted in Section 6, Article IV of the Constitution of Ohio.   The section reads, in part, as follows:

"The Courts of Appeals shall have * * * such jurisdiction as may be provided by law to review, affirm, modify, set aside,

or reverse *judgments or final orders* * * * of courts of record inferior to the Court of Appeals within the district * * *." (Italics ours.)

The Revised Code expressly defines what is meant by the terms "judgment," "final order," and "order."

Section 2323.01, Revised Code, provides:

"A judgment is the final determination of the rights of the parties in action. A direction of a court or judge, made or entered in writing and not included in a judgment, is an order."

Section 2505.02, Revised Code, defines a final order, in part, as follows:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment * * *."

It is obvious that the claimed judgment or final order does not fall within the provisions of Section 2505.02, Revised Code. It does not affect a substantial right which prevents a judgment; it is not an order in a special proceeding; nor is it an order on a summary application after judgment. Neither does it fall within the provisions of Section 2323.01, Revised Code. It is not a final determination of the rights of the parties in action. There remains for determination the vital issue of damages. See: *Luhrig Coal Co.* v. *Montgomery*, 18 C. D., 258; affirmed, *Luhrig Coal Co.* v. *Montgomery*, 76 Ohio St., 581.

It is our conclusion that the order from which the appeal is taken is neither a judgment nor a final order. The case has not terminated in the lower court. All of the issues in the single cause of action have not been adjudicated. There are no special provisions in the statutes giving the court jurisdiction on appeal over such orders. Obviously, there cannot be two judgments from which appeals may be prosecuted, issuing out of a single cause of action.

We express no opinion as to the claimed error in the order of the court which we now hold is not appealable.

*Motion sustained.*

STEVENS and HUNSICKER, JJ., concur.