AMERICAN MALL, INC., APPELLEE, *v.* CITY OF LIMA, APPELLANT.

[Cite as American Mall, Inc., v. City of Lima, 8 Ohio App. 2d 181.]

(No. 1311—Decided November 2, 1966.)

*Mr. Walter M. Lawson, Jr.,* for appellant.
*Messrs. Meredith, Meredith, Basinger & Tait,* for appellee.

MIDDLETON, J.   This is an appeal from a judgment of the Court of Common Pleas granting plaintiff's motion for judgment on the pleadings.   Plaintiff's amended petition avers, in brief, that defendant was installing and maintaining water lines through the land of plaintiff and that such lines are now being used for the purpose of transmission of water in violation of plaintiff's rights as owner of the real estate; that if the use of these water lines is allowed to continue plaintiff's property will be taken without due process of law and without compensation or damages being paid; that the continued use of such water lines imposes an additional burden on plaintiff's property; and that by reason of such unlawful use plaintiff has been damaged in the amount of $9,000 to date and will continue to suffer damages until such property is recovered.

Defendant's answer does not controvert any material allegation of the amended petition, making up the issues.   After the completion of the filing of the pleadings, plaintiff's motion for judgment on the pleadings was filed and was granted by the court.   From this judgment the defendant prosecutes its appeal.

The court, in granting judgment on the pleadings, ordered that the writ of ejectment to regain possession of the premises be deferred for a period of 30 days from date of filing, to allow the defendant time to file an action in appropriation against plaintiff or to acquire the necessary easement for the operation of its water lines.   The matter of damages was deferred until further order of the court.

It must be first determined whether this court has jurisdiction to entertain this appeal.

The jurisdiction of the Court of Appeals granted in Section 6, Article IV of the Constitution of Ohio reads, in part, as follows:

"The Courts of Appeals shall have * * * such jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse judgments or final orders * * * of courts of record inferior to the Court of Appeals within the district * * *."

It follows that the court does not have jurisdiction to en-

tertain the appeal unless the order appealed from is a judgment or final order within the meaning of the above provision of the Constitution.

Section 2323.01, Revised Code, provides:

"A judgment is the final determination of the rights of the parties in action. A direction of a court or judge, made or entered in writing and not included in a judgment, is an order."

Section 2505.02, Revised Code, provides in part:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial."

It will be observed that no damages were assessed. On the contrary, the court specifically provided in its order that the matter of damages be deferred until further order of the court. The claimed judgment or final order does not affect any substantial right which determines the action, or prevent a judgment, nor is it an order affecting a substantial right in a special proceeding.

The Court of Common Pleas did not render any judgment upon which a writ could be issued, and further proceedings are necessary to be taken by the court before the rights of the parties can be finally determined.

*Luhrig Coal Co.* v. *Montgomery,* 18 C. D. 258, affirmed 76 Ohio St. 581; *Neumeyer* v. *Brickley,* 112 Ohio App. 539; *W. C. Pressing Canning Co.* v. *Weller,* 9 Ohio App. 468; *Diemer* v. *Putnam County Farmers Mutl. Ins. Co.,* 81 Ohio App. 185.

We conclude that the order appealed from is neither a judgment nor a final order and that this court does not have jurisdiction to entertain the appeal, and the same is dismissed.

*Appeal dismissed.*

YOUNGER, P. J., and GUERNSEY, J., concur.