THE MAYFRED COMPANY ET AL., APPELLEES, *v.*
CITY OF BEDFORD HEIGHTS ET AL., APPELLANTS.

(No. 41432—Decided July 17, 1980.)

*Messrs. Guren, Merritt, Feibel, Sogg & Cohen* and *Mr. Timothy F. Wuliger,* for appellees.

*Mr. Charles E. Merchant,* for appellants.

PATTON, P. J. Plaintiffs brought the instant action against defendants demanding, *inter alia,* an injunction against and damages for the improper levying of sewer charges. After dismissing various claims and parties, the trial court granted plaintiffs' motion for summary judgment against the city of Bedford Heights and its officials. The court enjoined the city from levying certain charges against the plaintiffs and found that the only facts remaining in contro-

versy related to the amount of damages which plaintiffs had suffered as a result of charges made at improper rates. The court stated that it would proceed to a "final disposition of this case by scheduling a hearing, * * * solely on the issue of the amount of damages which plaintiffs have suffered. * * *" Defendants, the city of Bedford Heights and its officials, have appealed, submitting various assignments of error not relevant to our disposition of this appeal.

In order for this court to have subject matter jurisdiction in an appeal, the order or judgment appealed from must be final.[1] Section 3(B)(2), Article IV, Constitution; *Pewter Mug* v. *M.U.G. Enterprises* (1975), 46 Ohio App. 2d 93, 94; see *Board of Edn.* v. *Paxton* (1979), 59 Ohio St. 2d 65, 69-70; *Union Camp Corp.* v. *Whitman* (1978), 54 Ohio St. 2d 159, 161.

The question confronting this court is whether the order granting plaintiffs' motion for summary judgment on the liability portion of plaintiffs' claim but reserving to the court the issue of damages upon further hearing is a final appealable order.

Civ. R. 56(C) specifically provides that: " * * * A summary judgment, *interlocutory in character,* may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." [2] (Emphasis added.) The order in the instant case falls squarely within this provision. The trial court granted summary judgment for plaintiffs on the issue of liability but found that facts remained in controversy concerning the issue of damages and reserved the case for a hearing on the issue of damages. The trial court's order was interlocutory in character and thus not final and appealable.[3]

---

[1] A final order is defined by R. C. 2505.02 as:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial."

[2] For a discussion of the relationship between the portion of Fed. R. Civ. P. 56(c), identical to that portion of Civ. R. 56(C) quoted above, and Fed. R. Civ. P. 56(d), which is essentially identical to Civ. R. 56(D), providing for summary judgment of some but not all of the facts, see 10 Wright & Miller, Federal Practice and Procedure, Sections 2736 and 2737.

[3] Although an Ohio court has never addressed the precise question presented here, several cases are comparable. The following cases involved situations where a plaintiff

The federal courts are in agreement that a summary judgment for plaintiff holding a defendant liable on the claim and leaving the question of damages for a further proceeding is not a final order from which an appeal may be taken. *Dilly* v. *S. S. Kresge* (C.A. 4, 1979), 606 F. 2d 62, 62-63; *Fireman's Fund Ins. Co.* v. *Joseph J. Biafore, Inc.* (C.A. 3, 1975), 526 F. 2d 170, 173; *Russell* v. *Barnes Foundation* (C.A. 3, 1943), 136 F. 2d 654, 655. The judgment does not become final until the issue of damages is resolved. *Russell* v. *Barnes Foundation, supra,* at 655.

The lack of a final order deprives this court of subject matter jurisdiction. *Pewter Mug* v. *M.U.G. Enterprises, supra,* at 94; *American Mall, Inc.,* v. *Lima* (1966), 8 Ohio App. 2d 181, 183.

The appeal is therefore dismissed.

*Appeal dismissed.*

DAY and Parrino, JJ., concur.

---

was granted judgment on the liability portion of the claim, but damages had not yet been awarded. In each case, the liability award was held not to be final and appealable: *American Mall, Inc.,* v. *Lima* (1966), 8 Ohio App. 2d 181 (plaintiff awarded judgment on the pleadings as to the issue of liability); *Neumeyer* v. *Brickley* (1960), 112 Ohio App. 539 (plaintiff awarded judgment on the pleadings as to the issue of liability); *Diemer* v. *Putnam County Farmers Mutual Ins. Co.* (1946), 81 Ohio App. 185 (plaintiff entitled to recover by general order of the court); *W. C. Pressing Canning Co.* v. *Weller* (1918), 9 Ohio App. 468 (default judgment granted for plaintiff on the issue of liability).