Plaintiff-appellant, Anna Stacko, appeals from the order of the trial court granting the motion for summary judgment filed by defendant-appellee, City of Bedford.
Appellant Anna Stacko was injured when she fell while descending the steps at the Ellenwood Recreation Center, located in Bedford, Ohio on November 8, 1994, at approximately 8:15 p.m. The appellant had used the same stairway as the one in question when she arrived at the recreation center on the morning of the accident. At all times relevant, the City of Bedford owned and operated the Ellenwood Recreation Center. The appellant was at the recreation center on the day in question for the purpose of working as a poll worker for the Cuyahoga County Board of Elections, which was utilizing a portion of the recreation center. The appellant was paid $100 by the Board of Elections for her services as a poll worker. The appellee waived the normal facility usage fee and permitted the Board of Elections to use the premises as a polling site free of charge.
The appellant stated in her deposition that she fell on the last step of the stairway in question when she mistakenly believed that she had already descended the entire stairway, thus causing her to overstep the final step; "I made one more step, thinking I'm on the concrete already, and I wasn't." The appellant caught the middle of her shoe on the final step, which apparently cause her fall. Appellant claims to have suffered "severe" injuries from her fall, including a "full tear" of her rotator cuff in her right shoulder.
On November 6, 1996, appellant filed suit against the City of Bedford in Cuyahoga County Court of Common Pleas. The complaint alleged that "[d] defendants breached their duty owed to Plaintiff by constructing and maintaining a defective stairway and by failing to warn Plaintiff of the defective condition that existed on November 8, 1994." The defective condition referred to by the appellant, which is not specified in the complaint, was apparently the placement of the handrail. The handrail on the stairway, which the appellant was traversing when she fell, only extended to the second from last stair, rather than extending all the way to the ground.
The complaint also purported to state a claim against "John Does 1-10" who were "the persons or companies responsible for the construction, modification and/or maintenance of the premises at 124 Elmwood Road, Bedford, Ohio." It does not appear as if appellant ever attempted to amend her complaint to name the John Does allegedly liable for the injuries she incurred, pursuant to Civ.R. 15 (D).
Appellee's answer denied the allegations of negligence and set up several affirmative defenses, including political subdivision liability as provided for in R.C. 2744.
On October 23, 1997, the appellee filed a motion for summary judgment. In its brief in support of the motion for summary judgment, the appellee asserted that it was entitled to summary judgment under R.C. 2744.01(C)(2)(u) which provides that municipal corporations are not liable for in juries arising out of the performance of a governmental function relating to the "design, construction, renovation, repair, maintenance, and operation of any * * * indoor recreational facility * * *" The brief in support of the motion for summary judgment also maintained that as an invitee, the appellant was only owed a duty by the appellee to refrain from wantonly or will fully causing injury to the appellant, and that the appellant's claim was barred by the open and obvious doctrine.
In her brief in opposition to the appellee's motion for summary judgment, the appellant argued that under R.C. 2744.02(B), appellee failed to keep "public grounds within the political subdivision open, in repair and free from nuisance," and, therefore, liability should attach. The appellant also emphasized, in her brief in opposition to the motion for summary judgment, that she was not at the recreational center for the traditional purpose, as a recreational, but rather was "fulfilling a civic duty by offering her services to facilitate the democratic process." Additionally, the appellant argues that she was not on the premises as a licensee, but instead she was an invitee of the appellee and was accordingly owed a duty by the appellee to exercise ordinary care to maintain safe premises.
The trial court issued an order on February 2, 1998 granting the appellee's motion for summary judgment without opinion. On February 27, 1998, appellant filed a timely appeal with this court. The appellant presents three assignments of error for this court's review. The first assignment of error states:
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BASED ON THE POLITICAL SUBDIVISION TORT LIABILITY ACT, SINCE R.C. 2744.02(B)(3) ATTACHES LIABILITY FOR INJURY CAUSED BY POLITICAL SUBDIVISIONS (SIC) FAILURE TO KEEP PUBLIC ROADS, HIGHWAYS, STREETS, AVENUES, ALLEYS, SIDEWALKS, AQUEDUCTS, VIADUCTS OR PUBLIC GROUNDS OPEN IN REPAIR AND FREE FROM NUISANCE.
Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come but to one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Norris v. Ohio Std. Oil Co.
(1982), 70 Ohio App.2d 1; Temple v. Wean United, Inc.(1977),50 Ohio St.2d 317.
In Dresher v. Burt(1996), 75 Ohio St.3d 280, the Ohio State Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Medina, Ltd. of Texas (1991), 59 Ohio St.3d 108. Under Dresher * * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." Id. at 296. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id.
at 293. The nonmoving party must set forth"specific facts" by the means listed in Civ.R. 56 (C) showing a genuine issue for trial exists. Id.
R.C. 2744.02(A)(1) states as follows:
 Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.
R.C. 2744.01(C)(2) provides a non-exhaustive list of "governmental function[s]," which specifically includes the"design, construction, reconstruction, renovation, repair, maintenance, and operation of any indoor recreational facility R.C. 2744.01(C)(2)(u). The appellant's accident at issue in this case took place at the city owned and operated Ellenwood Recreation Center, which is indoors. The placement of handrails on a stair well clearly is within the purview of the design, construction, reconstruction or renovation of this recreation facility. It is simply not relevant to the determination of whether the appellee has immunity, that the appellant was at the center as a poll worker, rather than to use the facilities.[1] Therefore, R.C. 2744.02(A)(1) provides the appellee with immunity for the injuries sustained by the appellant herein.
The appellant's reliance on R.C. 2744.02(B)(3) as an exception to the grant of immunity provided in R.C. 2744.02(A) (1) is misplaced. R.C. 2744.02(B)(3) provides that a political subdivision is liable for damages in a civil action for injury caused by an act or omission of a political subdivision in connection with a governmental function, where the injury is caused by the failure to keep public grounds open, in repair and free from nuisance. Even if the recreation center where the appellant was injured came within the ambit of "public grounds" as used in R.C. 2744.02(B)(3) is not likely that it did, that section has no applicability to the instant case.
R.C. 1.51 provides that:
 If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision * * *.
A number of courts have addressed the issue of the apparently irreconcilable provisions of R.C. 2744.01(C)(2)(u) and R.C. 2744.02(B) (3), and held that the more specific language of R.C. 2744 (C)(2)(u) prevails over the general language of R.C. 2744.02(B)(3). SeeCater v. Cleveland(May 8, 1997), Cuyahoga App. No. 70674, unreported; Horwitz v. Cleveland(March 16, 1995), Cuyahoga App. No. 67140, unreported; Nowak v. Ries(December 19, 1991), Cuyahoga App. No. 59276, unreported.
The General Assembly has specifically and unambiguously determined that municipal corporations should have immunity in bthe construction, design, renovation and maintenance of an indoor recreational facility. The appellant may not use the broad language of R.C. 2744.02(B)(3) to contravene this specific grant of immunity by the legislature.
In the appeal sub judice, the competing statutory provisions are irreconcilable. Therefore, the special provision, R.C.2744.01(C)(2)(u), prevails. Consequently, the trial court did not err in granting the motion for summary judgment in favor of appellee as there did not exist any genuine issue of material fact.
The appellant's first assignment of error is overruled.
In her second and third assignments of error, the appellant states:
 II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE APPELLEE CITY OF BEDFORD OWED THE APPELLANT THE DUTY OF ORDINARY CARE AS APPELLANT HELD THE STATUS OF BUSINESS MIT (SIC).
 III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AS AN ISSUE OF WHETHER ANY PRIOR USE OF THE SUBJECTS (SIC) STAIRWAY IS SUFFICIENT TO SUPPORT A FINDING THAT SHE ASSUMED THE RISK OF USE IS PROPERLY ONE OF COMPARATIVE NEGLIGENCE AND SHOULD BE RESOLVED BY THE TRIER OF FACT.
Pursuant to this court's disposition of appellant's first assignment of error, the remaining assignments of error are hereby rendered moot pursuant to App.R. 12(A)(1)(c) and need not be addressed by this court.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue but of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of Appellate Procedure.
 ___________________________________ MICHAEL J. CORRIGAN, JUDGE
McMONAGLE, TIMOTHY E., P.J. and PATTON, J., CONCUR.
[1] In her Reply Brief the appellant states "there is no clearer example of business of government being conducted than in the making available and running of the election day polls during a General Election (sic)." If this court were to accept the appellant's flawed logic, churches, parochial schools and other private institutions where polling is routinely conducted could all be considered "public grounds" under R.C. 2744.02(B) (3).
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).