Appellant, Herbert Hartley dba H H Construction, claims Judge Mary Jane Boyle erred when she denied his motion to dismiss for lack of jurisdiction and denied him the affirmative defense of comparative negligence in this personal injury case. Appellee, Bruce Givens, counters that Hartley never pleaded lack of jurisdiction and employer immunity and that granting his motionin limine to exclude affirmative defenses was appropriate. Although Judge Boyle attempted to make her denial of Hartley's motions final appealable orders, we find that not to be the case. This appeal is dismissed and the matter remanded.
Givens contends that on September 8, 1995 he was a roofer working "for" H H Construction (Hartley) and that a Hartley "employee" removed a ladder thereby causing him to fall 10 feet and sustain a serious injury to his right ankle. He filed this complaint, with jury demand, on January 24, 1997, but had not perfected service on Hartley. On March 11, 1997, attorney Mark Greer, retained by American States Insurance, Hartley's commercial liability carrier, filed an answer with a general denial and nine affirmative defenses, but did not raise failure of service. On March 12, 1997, Givens requested regular mail service of the complaint on Hartley but it was returned because Hartley had "moved."
On April 29, 1997, Givens served a combined request for admissions, interrogatories and request for production of documents on Hartley. On August 6, 1997, the judge granted Givens' motion for leave to file for summary judgment. The summary judgment requested was based upon Hartley's failure to respond to the request for admissions on the issue of liability. No response or opposition was filed by Hartley. On October 23, 1997, summary judgment was granted on the issue of liability only, and the issue on damages was set for trial.
On November 5, 1997, with trial set for November 19, 1997, attorney Greer filed a motion to withdraw based upon the fact that insurance coverage had been withdrawn because Hartley had failed to cooperate in his defense and had failed to comply with policy provisions. The motion was granted November 17, 1997. By November 21, 1997, Hartley had retained new counsel and a new trial date of February 24, 1998 established.
On February 9, 1998, Hartley served Givens with the answers to the interrogatories and filed a motion for reconsideration and/or motion to vacate judgment pursuant to Civ.R. 60 (B) (5). In that motion, he claimed abandonment by attorney Greer, and a defense that everyone performing work for H H Construction was an independent contractor for whose negligence H H could not be vicariously liable. Although Givens filed no brief in opposition, this motion was denied on February 19, 1998.
On February 12, 1998, Hartley filed a motion to file an amended answer and third party complaint, which was granted instanter. It contained a general denial, five affirmative defenses, not including failure of service, and a third party complaint against the American States Insurance alleging bad faith and breach of contract. The trial was continued until May 19, 1998. On April 22, 1998, American filed its answer and a motion for separate trial which was granted on April 30, 1998. On that same date Hartley was granted leave to amend his third party complaint in order to include as a third party defendant, attorney Mark Greer on a claim for relief in malpractice.
On May 14, 1998, Givens filed a motion to exclude testimony on collateral source benefits revealing that Givens' was receiving workers compensation benefits as a result of his injury. On May 19, 1998, he filed a motion in limine to exclude the defenses of assumption of the risk and comparative negligence. The motion was based upon the holding in Creameans v. Willlmar Henderson Mfg.Co. (1991), 57 Ohio St.3d 145, 566 N.E.2d 1203, a Blankenship
case. On that same day, Greer filed a motion for separate trial and Hartley filed a motion to dismiss based upon a claim that the court lacked jurisdiction. Hartley claimed that since Givens had filed for compensation benefits it had been established that the injury was employment related and, thus, Givens was barred from bringing a negligence personal injury claim against H H, his employer.
On May 20, 1998, the judge granted Greer's motion for a separate trial, denied Hartley's motion to dismiss and granted Givens' motion in limine. It is apparent from the record that the judge determined these latter two motions by examining R.C.4123.74 and R.C. 4123.77.
On May 22, 1998, the judge continued the trial and dismissed the claim against Greer, without prejudice, as being "premature." She also entered an order clarifying her ruling and order of October 23, 1997:
 Wherein the court deemed Admissions admitted and granted Plt's unopposed Motion for Summary Judgment on the issue of liability as follows: Said 10-23-97 order finds the defendant Hartley dba H H Construction Co. Liable to Plaintiff as complained thereby divesting Defendant of any and all affirmative defenses raised by Defendant from defendant against Plaintiff on grounds of comparative/contributory negligence etc., Trial shall proceed only on issue of damages.
On May 27, 1998, the following journal entry was made:
 "Deft's motion to dismiss filed 05/19/98 and opposed by Pltf orally and per responsive brief filed 05/20/98 is hereby dismissed; no just cause or reason for delay; Defts' (sic) oral motion made 05/20/98 to argue comparative negligence during this trial on damages only is denied pursuant to the court's granting summary judgment on liability per court's order of 10/23/97 . . . no just cause or reason for delay. . . ."
Hartley assigns two errors for our review. They are:
 I. THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT/APPELLANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION.
 II. THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT/APPELLANT THE AFFIRMATIVE DEFENSE OF COMPARATIVE NEGLIGENCE.
 In Fireman's Fund Insurance Companies v. BPS Co. (1982), 4 Ohio App.3d 3, 446 N.E.2d 181, it was determined that:
 Where a separate trial on the issue of liability is held, and the issue of liability is determined in favor of the plaintiff, an entry of judgment by the trial court in favor of the plaintiff on the issue of liability which leaves the amount of damages to be awarded unresolved until some future time, does not constitute a final judgment which may then be treated as an appealable order. Greeler v. Law (June 13, 1972), Franklin App. No. 72AP-60, unreported; American Mall, Inc. v. Lima (1966), 8 Ohio App.2d 181, 220 N.E.2d 839. As noted in Greeler, and in subsequent decisions of this court, the addition of Civ.R. 54 (B) language does not necessarily make the order appealable. Civ.R. 54 (B) is designed to be used only in those cases where there are multiple claims or parties and there is an otherwise final adjudication of less than all of the claims or of the rights of less than all of the parties.
See, also, The State ex rel. White et al. v. CuyahogaMetropolitan Housing Authority (1997), 79 Ohio St.3d 543,684 N.E.2d 72; Kelbley v. Hurley (1994), 94 Ohio App.3d 409,640 N.E.2d 1173.
There being no final appealable order in this case, the appeal is dismissed, and this case is remanded to the trial court for further proceedings according to law.
Appeal dismissed.
It is ordered that each party shall bear their own costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________________________ TERRENCE O'DONNELL, PRESIDING JUDGE, CONCURS SEPARATELY.,
 ___________________________________ LEO M. SPELLACY, JUDGE, CONCURS IN JUDGMENT ONLY.
 ___________________________________ ANNE L. KILBANE, JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22 (B), 22 (D) and 26 (A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22 (E), unless a motion for reconsideration with supporting brief, per App.R. 26 (A) is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also, S.Ct.Prac.R. II, Section 2 (A)(1).