This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Appellant, Continental Casualty Company ("Continental"), has appealed the decision of the Summit County Court of Common Pleas, which denied its motion for summary judgment. For the reasons that follow, this Court dismisses the appeal for lack of a final, appealable order.
 I.
{¶ 2} On February 9, 2001, appellees, Mary and Richard Walter, filed a complaint against Allstate Insurance Company ("Allstate") concerning automobile coverage for a collision Mary was involved in on June 6, 2000. Mary was driving a 1998 Toyota Avalon, the Walters' personal automobile, when she was hit by Karla Graebner in Nagshead, North Carolina. Karla paid the Walters $50,000 to settle the claim, this amount being the limit of her liability insurance policy with Geico. The Walters' Toyota was insured by a personal automobile policy issued by Allstate. That policy was issued directly to the Walters and had UM/UIM coverage in the amount of $100,000 per person and $300,000 per accident. The Walters also carried a business automobile policy with Continental.
{¶ 3} On March 15, 2001, the Walters amended their complaint against Allstate to include a claim against Continental. The Walters alleged that they were entitled to underinsured motorist benefits under both policies. On October 17, 2001, Continental filed a motion for summary judgment, claiming that the Walters were not entitled to coverage under the Continental policy. On November 2, 2001, the Walters filed a reply and cross-motion for summary judgment against Continental. In their reply, the Walters requested a court order declaring that they were entitled to not only coverage under the Continental business automobile policy, but also coverage under a Continental commercial umbrella policy.
{¶ 4} On November 29, 2001, Continental filed a brief in opposition to the Walters' reply and cross-motion for summary judgment. Continental reasserted that the Walters were not entitled to coverage under the Continental policy, and that the commercial umbrella policy was issued by Transportation Insurance Company ("Transportation"), not Continental. On January 15, 2002, Allstate filed a response to Continental's motion for summary judgment, and its own cross-motion for summary judgment. Allstate argued that it provided for $100,000 in underinsured benefits, Continental provided for $1,000,000 in underinsured benefits, and therefore the parties should share the loss on a pro rata basis. Allstate requested that it be responsible for 1/11th of the loss and that Continental be responsible for 10/11th of the loss.
{¶ 5} On January 30, 2002, Continental filed a motion to strike Allstate's response due to its untimeliness, as well as Allstate's cross-motion for summary judgment. On February 1, 2002, the Walters moved the court for leave to file a second amended complaint to include Transportation as a party, which the court granted that same day. On February 14, 2002, Transportation and Continental filed a joint answer to the Walters' second amended complaint.
{¶ 6} On March 11, 2002, the trial court entered an order addressing all the parties' summary judgment motions. The court granted summary judgment to both the Walters and Allstate, and it denied summary judgment to Continental. It found that Allstate and Continental owed underinsured coverage to the Walters, that the coverage should be shared between them on a pro rata basis, and that Allstate was liable for 1/11th of the Walters' total damages and Continental was liable for 10/11th of the Walters' total damages. Although the trial court determined liability in its judgment entry, no money damages amount was determined for the Walters against Allstate and Continental.
{¶ 7} Continental timely appealed and its appeal is now before this Court.
 II.
{¶ 8} Before reaching the merits of the appeal, this Court must determine whether it has jurisdiction to review the order from which Continental appeals. Section 3(B)(2), Article IV of the Ohio Constitution limits this court's appellate jurisdiction to the review of final judgments of lower courts. For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86,88.
{¶ 9} To be final, an order must fit into one of the categories set forth in R.C. 2505.02. See General Electric Supply Co. v. WardenElectric, Inc. (1988), 38 Ohio St.3d 378, 380. R.C. 2505.02(B)(1) provides that an order "that affects a substantial right in an action that in effect determines the action and prevents a judgment" is final and appealable.
{¶ 10} The order appealed by Continental, that determined the issue of liability but not damages, is not final under R.C. 2505.02. InState ex rel. White v. Cuyahoga Metro. Hous. Auth. (1997),79 Ohio St.3d 543, 546, the Ohio Supreme Court acknowledged the general rule that, "orders determining liability in the plaintiffs' * * * favor and deferring the issue of damages are not final appealable orders under R.C. 2505.02 because they do not determine the action or prevent ajudgment." (Emphasis added.) Appellate courts, including this one, have held that summary judgment on the issue of liability alone, with an award of damages left for future determination, does not constitute a final appealable order as contemplated by R.C. 2505.02. See, e.g., SummitPetroleum, Inc. v. K.S.T. Oil Gas Co., Inc. (1990),69 Ohio App.3d 468, 470; Mayfred Co. v. Bedford Hts. (1980),70 Ohio App.2d 1, 3.
{¶ 11} As Continental has appealed from a non-final order, this Court lacks jurisdiction to hear the appeal. The appeal is therefore dismissed.
WHITMORE, J., BATCHELDER, J. CONCUR.