JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Ohio Mutual Insurance Group ("Ohio Mutual"), appeals the decision of the Cuyahoga County Court of Common Pleas, Civil Division, which denied its motion for summary judgment finding that the appellee, Diana Reese, is entitled to insurance coverage under the policy of insurance issued to her employer at the time of her accident.
 {¶ 2} On March 9, 1994, Reese was involved in an automobile accident with Ralph Mulvaney on Route 20 in Perry Township. As a result of the accident, Reese received $100,000 in one settlement and $12,500 in a second settlement.[1] In consideration for these payments, she executed two releases. Thereafter, some seven years after her accident, she filed suit against Ohio Mutual alleging that she is entitled to uninsured/underinsured motorist coverage ("UM/UIM").[2]
 {¶ 3} Ohio Mutual filed its motion for summary judgment arguing that Reese had destroyed its subrogation rights; that she had failed to give Ohio Mutual prompt notice of the claim; and that she did not receive written consent from Ohio Mutual prior to settling with and releasing the tortfeasor.
 {¶ 4} The lower court denied Ohio Mutual's motion declaring the following:
 {¶ 5} 1. Plaintiff is an insured under the policy issued by Defendant Ohio Mutual Insurance Group (Policy #CA7006558) (Effective 11/11/93 to 4/30/94).
 {¶ 6} 2. The Notice, Subrogation, and Consent provisions do not constitute a material breach under the facts of this case so as to defeat Plaintiff's rights under the policy.
 {¶ 7} 3. Plaintiff is entitled to coverage under the policy issued by Ohio Mutual Insurance Group. (Policy #CA7006558) (Effective 11/11/93 to 4/30/94).
 {¶ 8} Ohio Mutual presents three assignments of error for this court's review. Having a common basis in both law and fact, we will address all three assignments together. They state:
 {¶ 9} "I. The trial court erred in denying Ohio Mutual's motion for summary judgment on the issue of the destruction of Ohio Mutual's subrogation rights."
 {¶ 10} "II. The trial court erred in denying Ohio Mutual's motion for summary judgment on the issue of prompt notice."
 {¶ 11} "III. The trial court erred in denying Ohio Mutual's motion for summary judgment on the issue of plaintiff failing to receive written consent to settle with tortfeasor."
 {¶ 12} For the following reasons, we find Ohio Mutual's appeal to have merit and reverse and remand for further proceedings consistent with this opinion.
 {¶ 13} We note Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Norris v.Ohio Std. Oil Co. (1982), 70 Ohio App.2d 1; Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317.
 {¶ 14} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317,330. Doubts must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356.
 {¶ 15} In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Medina Ltd. of Texas (1991), 59 Ohio St.3d 108. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." Id. at 296. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 16} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v. McFaul
(1990), 71 Ohio App.3d 46, 50.
 {¶ 17} In the applicable policy of insurance, the following policy provisions are pertinent to the instant appeal. Under "Section C — UNINSURED MOTORISTS AND UNDERINSURED MOTORISTS INSURANCE," the policy states as follows:
 {¶ 18} "I. COVERAGE D — UNINSURED AND UNDERINSURED MOTORISTS (Damages for Bodily Injury): The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured or underinsured highway vehicle because of bodily injury sustained by the insured caused by accident and arising out of the ownership, maintenance or use of such uninsured or underinsured highway vehicle; * * *. No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and the Company, on the issue of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the Company.
 {¶ 19} "Exclusions: This insurance does not apply:
 {¶ 20} "a. to bodily injury to an insured with respect to which such insured, his legal representative or any person entitled to payment under this insurance shall, without written consent of the Company, make any settlement with any person or organization who may be legally liable therefor;
 {¶ 21} "* * *
 {¶ 22} "VI. ADDITIONAL CONDITIONS
 {¶ 23} "* * *
 {¶ 24} "d. Notice of Legal Action: If, before the Company makes payment of loss hereunder, the insured or his legal representative shall institute any legal action for bodily injury against any person or organization legally responsible for the use of a highway vehicle involved in the accident, a copy of the summons and Complaint or other process served in connection with such legal action shall be forwarded immediately to the Company by the insured or his legal representative.
 {¶ 25} "* * *
 {¶ 26} "g. Trust Agreement: In the event of payment to any person under this insurance:
 {¶ 27} "* * *
 {¶ 28} "2. such person shall hold in trust for the benefit of the Company all rights of recovery which he shall have against such other person or organization because of the damages which are subject of claim made under this insurance;
 {¶ 29} "3. Such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights;
 {¶ 30} "* * *
 {¶ 31} "5. Such person shall execute and deliver to the Company such instruments and papers as may be appropriate to secure the rights and obligations of such persons and the Company established by this provision."
 {¶ 32} Ohio Mutual argues that the appellee breached the provisions of the instant policy of insurance for prompt notice, for subrogation, and for consent to settle; therefore, the appellee is precluded from UM/UIM coverage. In denying Ohio Mutual's motion for summary judgment, the lower court found that the appellee's breach of the notice, subrogation, and consent provisions of the policy of insurance did not constitute a material breach under the facts of this case so as to defeat the appellee's rights under the policy.
 {¶ 33} In sum, the instant policy of insurance requires that an insured must notify Ohio Mutual promptly if an accident occurs; that the insured must not destroy Ohio Mutual's subrogation rights against any responsible party; and the insured must first obtain Ohio Mutual's consent to settle prior to releasing a tortfeasor.
 {¶ 34} In the case at hand, it is clear that the appellee breached each of the insurance policy provisions, as evidenced by the appellee's failure to promptly notify Ohio Mutual of the accident, by her failure to obtain Ohio Mutual's consent to settle with the tortfeasors, and by her executing releases in favor of the tortfeasors, which effectively destroyed Ohio Mutual's subrogation rights.
 {¶ 35} In denying Ohio Mutual's motion for summary judgment, the lower court determined that, although the appellee breached the instant notice and subrogation provisions, her breach was not material; therefore, she was entitled to coverage under the instant policy of insurance. Recently, the Ohio Supreme Court, in Ferrando v. Auto-OwnersMut. Ins. Co., 2002-Ohio-7217, determined that "when an insurer's denial of underinsured motorist coverage is premised on the insured's breach of a prompt notice provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the insured's unreasonable delay in giving notice." Id. at paragraph one of the syllabus. Further, "when an insurer's denial of uninsured motorist coverage is premised on the insured's breach of a * * * subrogation-related provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the failure to protect its subrogation rights." Id. at paragraph two of the syllabus. In each instance, an insured's unreasonable delay in giving notice, or an insured's breach of a subrogation provision is presumed prejudicial to the insurer absent evidence to the contrary. Id.
 {¶ 36} In accordance with Ferrando, we hereby remand the instant matter to the lower court to determine whether the appellee's breach of the prompt notice provision and breach of the subrogation and consent to settle provision, which did destroy Ohio Mutual's subrogation rights, prejudiced Ohio Mutual. In following Ferrando, the lower court must be mindful that the burden of showing that Ohio Mutual was not prejudiced falls on the appellee, since her breach is presumed prejudicial to the insurer absent evidence to the contrary. Id.; See, also, Straughan v. TheFlood Co., 2003-Ohio-290.
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J., and ANN DYKE, J., concur.
[1] Diana Reese released Amy Schultz and Glenn Schultz on September 30, 1994. She released Ralph Mulvaney and Amy Schultz on November 10, 1994.
[2] Ohio Mutual did not receive notice of Diana Reese's claim until August 10, 2001.