JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, John Pirsil, brings this appeal from a grant of summary judgment in favor of appellee, International Steel Group-Cleveland ("ISG"), issued by the common pleas court. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} ISG purchased what was formerly known as LTV Steel, where appellant had been employed in the powerhouse. Appellant was then hired by the new management in April 2002 as the electrical supervisor, a salaried position. He was interviewed and hired by Dave Rupar, who was to be his direct supervisor, and another supervisor, Terry Fedor, although the official letter extending an offer of employment was signed by ISG President Rodney Mott. The electrical supervisor position required appellant to be responsible for the electrical and instrumentation functions of the powerhouse.
 {¶ 3} Sometime during the first few months of his tenure, appellant told Rupar and another supervisor, Mr. Hoag, that he was uncomfortable with the instrumentation portion of the electrical supervisor job. Appellant stated that his background is electrical, and he was not as well versed in instrumentation, controls or computer systems. As a result of these conversations, Rupar and Fedor decided to hire a new person for the electrical supervisor's position and demote appellant to another position dealing solely with the electrical functions of the powerhouse. Further, appellant received a poor job performance evaluation on August 21, 2002 with respect to his handling of the instrumentation portion of his job.
 {¶ 4} ISG hired Scott Krecji, 38 years of age, as the electrical supervisor in August 2002, but he voluntarily left that position after only three weeks. After numerous interviews, a new electrical supervisor, who was older than appellant, was hired and began work in January 2003. As of August 2002, appellant's job was changed to electrical planner, which included a $5,000 per year cut in base salary. According to ISG human resources records, however, appellant earned more money in the subsequent years as a planner than he would have as a supervisor because of the ISG bonus structure.
 {¶ 5} Appellant filed the instant action on August 29, 2003 alleging age discrimination. After the parties engaged in discovery, appellee filed a motion for summary judgment on February 3, 2004. The trial court granted this motion on July 6, 2004, stating in pertinent part:
 {¶ 6} "Having viewed the motion and briefs of record, the court finds defendant International Steel Group's motion for summary judgment to be well taken. Under the `same actor' inference, adopted in Ohio and by the Federal Courts, a lack of discrimination may be inferred where the same individual hired and fired an employee. [Citations omitted.] * * * Plaintiff has proffered no direct evidence of discrimination * * * The idea that the same actors, Fedor and Rupar, would engage in a practice of hiring persons of a protected class and then demoting [sic] them a few months later because of that protected status is illogical, uneconomical, and unsupported by the evidence presented to the court in this case * * * The evidence leads the court to conclude that there is no genuine issue of fact and reasonable minds must conclude that the only cause of plaintiff's termination was work performance, not age discrimination."
 {¶ 7} Appellant now brings a timely appeal with three assignments of error:
 {¶ 8} "I. The trial court committed prejudicial and reversible error when it granted the defendant-appellee's motion for summary judgment based on the `same actor inference' as that doctrine does not apply to the facts in this case as the `same actors' were not proved responsible for making the decision to hire plaintiff-appellant."
 {¶ 9} "II. The trial court committed prejudicial and reversible error when it granted the defendant-appellee's motion for summary judgment based upon the defense of the `same actor inference' as that doctrine does not apply to the facts in this case as there is evidence that after the plaintiff-appellant was hired he was demoted under circumstances showing an intent to discriminate against the plaintiff based on age."
 {¶ 10} "III. The trial court committed prejudicial and reversible error when it opined that the plaintiff-appellant could not demonstrate that defendant-appellee's excuse for demoting the 54 year old plaintiff and replacing him with a 38 year old untrained man was a pretext for age discrimination."
 Summary Judgment {¶ 11} Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Norris v.Ohio Std. Oil Co. (1982), 70 Ohio App.2d 1; Temple v. Wean United,Inc. (1977), 50 Ohio St.2d 317. The party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330; Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, 115. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356.
 {¶ 12} In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Medina, Ltd. of Texas (1991), 59 Ohio St.3d 108. UnderDresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." Id. at 296. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 13} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v. McFaul
(1990), 71 Ohio App.3d 46, 50; Link v. Leadworks Corp. (1992),79 Ohio App.3d 735, 741. In ruling on an assignment of error dealing with the granting or denial of a motion for summary judgment, this court must review the same evidentiary material provided to the trial court for review. Murphy v. Reynoldsburg, 65 Ohio St. 356, 360.
 Age Discrimination and Same Actor Inference {¶ 14} To establish a prima facie case for age discrimination, the plaintiff must establish that: he is a member of a statutorily protected class; he was subject to adverse action; he was qualified for the position; and he was replaced by a person of substantially younger age.Barker v. Scovill (1983), 6 Ohio St.3d 146, 451 N.E.2d 807 citingMcDonnell Douglas Corp. v. Green (1973), 411 U.S. 792, 93 S.Ct. 1817,36 L.Ed.2d 668. An employer may overcome the presumption inherent in the prima facie case by propounding a legitimate, nondiscriminatory reason for the plaintiff's discharge. Id. A plaintiff must then be allowed to show that the rationale set forth by the employer was only a pretext for unlawful discrimination. Id.
 {¶ 15} An employer can demonstrate a nondiscriminatory intent with regard to demotion or termination of an employee through the "same actor" inference. Where the same actors make positive and adverse employment decisions about an individual, especially within a short time period, a court may strongly infer a nondiscriminatory motivation in the later action. Pulver v. Rookwood Highland Tower Invs. (Mar. 26, 1997), Hamilton App. Nos. C-950361, C-950492, discretionary appeal not allowed,79 Ohio St.3d 1482, 683 N.E.2d 787; See Wexler v. White's FineFurniture, Inc., 317 F.3d 564, 572 (6th Cir. 2003) (en banc); Zambettiv. Cuyahoga Cmty. College, 314 F.3d 249 (6th Cir., 2002); Buhrmaster v.Overnite Transp. Co., 61 F.3d 461, 463 (6th Cir. 1995).
 {¶ 16} Here, appellant was hired by Dave Rupar and Terry Fedor in April 2002. Although the official letter of hire from ISG bore the signature of the company president, appellant met only with Rupar and Fedor, and Rupar became his immediate supervisor. Appellant was disciplined and demoted only by Rupar and Fedor via a letter in August 2002 signed by Fedor. Fedor testified, and Rupar substantiated, that his information regarding appellant's job performance came only through Rupar. Therefore, even if appellant was able to establish a prima facie case for age discrimination, ISG can establish a nondiscriminatory intent for appellant's demotion through the same actor inference.
 {¶ 17} Further, appellant's ability to establish a prima facie case of discrimination is called into question through the evidence submitted to the trial court. Appellee attaches to its motion for summary judgment the affidavit of ISG Human Resources Coordinator William Bush, who indicates that not only did ISG first offer the electrical supervisor position to a candidate over the age of 40 in June 2002, but that appellant actually earned more in 2003 as the electrical planner than he would have as the electrical supervisor. Scott Krejci, the 38-year-old man who assumed the electrical supervisor's position for several weeks in August 2002, was offered the position only after the previous candidate declined, and it is clear from the evidence presented that the search for a new supervisor began well prior to appellant's demotion and chiefly as a result of his own statements regarding his ability to perform the functions of the job to Rupar. Moreover, the individual who ultimately assumed the duties of electrical supervisor in January 2003 was older than the appellant. Appellant would be hard pressed to establish that the position was filled by someone of substantially younger age, nor could he show that he suffered adverse employment action, particularly in regards to his salary.
 {¶ 18} Appellant offered no evidence that the appellee's actions in demoting him were pretextual; instead, the record is replete with evidence that Rupar and Fedor made sure appellant would not be terminated, but rather reassigned when a new supervisor with the specific qualifications required for the job was located.
 {¶ 19} Finally, the testimony of Rupar indicates that there were substantial difficulties with appellant's job performance, from his lack of knowledge as to the controls portion of the job to his treatment and interaction with supervisors and other staff members. For these reasons, we cannot find that the trial court erred in granting appellee's motion for summary judgment. We agree with the trial court's assessment that reasonable minds can come to but one conclusion and, viewing such evidence most strongly in favor of the appellant, the conclusion is adverse to the appellant. Therefore, appellant's three assignments of error are hereby overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Kilbane, J., concur.