This cause came on to be heard upon the accelerated calendar, pursuant to App.R. 11.1 and Loc.App.R. 11.1, the record from the Cuyahoga County Court of Common Pleas, oral argument and the briefs of counsel. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory opinion. Crawford v. Eastland Shopping Mall Assn. (1983), 11 Ohio App.3d 158; App.R. 11.1(E).
Plaintiff-appellant, Parma Radiologic Associates, Inc. (PRA), appeals from the trial court's granting of summary judgment to defendants-appellees, Jacobson, Maynard, Tuschman Kalur, et al. (JMTK). For the reasons adduced below, the decision of the trial court is reversed and remanded.
This case revolves around the medical malpractice action filed by Wayne Leon, as administrator of the estate of Aileen Leon. Aileen Leon died of a brain aneurysm which ruptured a week after being discharged from Parma Community General Hospital. The lawsuit alleged that Dr. Berman, a radiologist for PRA, misdiagnosed a CAT scan of Aileen Leon's head the week before the fatal rupture. This first lawsuit was against Berman and PRA and the parties settled for $700,000 and entered into a Covenant Not To Sue and to Cease Suing. While the document released any and all claims against Berman and PRA, it specifically reserved the right to pursue claims against other persons or corporations. This original suit against Berman and PRA was settled in-between the filing of two other lawsuits involving two hospitals and another doctor.[1]
The suit against Parma Hospital was based on vicarious liability under an agency-by-estoppel theory and a claim for negligent credentialing of the attending physician, Dr. See. The trial court issued findings of fact and conclusions of law relative to the effect the covenant not to sue had on these new defendants. The trial court ruled that the covenant was not a release of all parties involved in this claim. Thereafter, Mr. Leon settled the estate's claims against Parma Hospital for $400,000 and against Dr. See for $100,000.
Parma Hospital sought indemnification from Dr. Berman and PRA, via its third party complaint, for the $400,000 it paid to settle the claims against it. Berman and PRA filed motions for summary judgment which were granted by the trial court and appealed to this court for our review. See Wayne Leon, Administrator v. Parma Community General Hospital, et al. (Oct. 12, 2000), Cuyahoga App. No. 77313, unreported. During the pendency of the underlying medical malpractice cases, PRA brought a legal malpractice suit against JMTK, its insurance defense counsel, for failing to protect its interest against possible indemnification claims of secondarily liable defendants when the law firm settled with the primarily liable defendants. After the trial court's ruling denying Parma Hospital's indemnification claim, JMTK filed its motion for summary judgment arguing that PRA could no longer make a prima facie case of legal malpractice considering the trial court's ruling on the indemnification issue. The trial court agreed and granted JMTK summary judgment. This appeal now follows.
PRA raises two assignments of error which state:
I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT.
II. THE TRIAL COURT ERRED IN DENYING A STAY.
Initially, we note, Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come but to one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Norris v. Ohio Std. Oil Co. (1982), 70 Ohio App.2d 1; Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317.
It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio State Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108. Under Dresher, * * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim. Id. at 296. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth specific facts by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704 . An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion. Saunders v. McFaul (1990), 71 Ohio App.3d 46, 50; Link v. Leadworks Corp. (1992), 79 Ohio App.3d 735, 741.
PRA's legal malpractice suit is based on the allegations that JMTK failed or may have failed to protect Parma Radiologic from claims for indemnity brought against it by Parma Community General Hospital by advising PRA to enter into a settlement with Leon under the auspices of a Covenant Not to Sue and to Cease Suing. The basis of JMTK's summary judgment is premised on the trial court's ruling in the underlying medical malpractice case between Leon and PRA where the same court granted summary judgment in the third party action effectively determining that Parma Hospital could not seek indemnification from PRA or its doctors.
PRA argues that the trial court should have ordered a stay since this case is clearly dependent on this court's ruling in the Leonindemnification appeal. JMTK argues that summary judgment is warranted because PRA cannot sustain a prima facie claim for legal malpractice because the sole basis of liability; i.e., indemnification, has been extinguished by the lower court in its ruling on that motion for summary judgment. The parties limit their arguments to the proceedings and rulings in the lower court. In particular, JMTK fails to make any additional arguments other than the one just discussed as to why summary judgment on the issue of legal malpractice would be appropriate here.
Initially, we note that the appellate rules of procedure do not require this court to search the record for evidence to support or refute an assignment of error. See, generally, State v. Watson (1998),126 Ohio App.3d 316; App.R. 12 and App.R.16. Accordingly, this court's disposition of the assignments of error before us in the present case hinge upon our disposition of the indemnification issues in the Leon appeal.
On October 12, 2000, this court overturned the trial court in Leondetermining that the settlement document in issue was in fact a covenant not to sue which allowed the plaintiff to seek redress from other possible tortfeasors and validated Parma Hospital's indemnification claims. See Leon, supra. Since the only issue before this court regarding whether summary judgment for legal malpractice is appropriate is predicated solely on the trial court's erroneous decision on indemnification, we must now reverse the trial court on this issue as well. Accordingly, we hold that it is possible for PRA to maintain a prima facie case for legal malpractice since the trial court erred in granting summary judgment in the underlying medical malpractice actions against Parma Hospital and effectively denying any indemnification claims. Therefore, the granting of summary judgment in this action was also improper.
The disposition of the first assignment of error renders the second assignment of error moot. The decision of the trial court is reversed and the case is remanded consistent with the holding in this opinion.
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J., and JAMES D. SWEENEY, J., CONCUR.
[1] It should be noted that Mr. Leon instituted three wrongful death suits which were consolidated. The other suits were against Dr. See, Parma Hospital, and Deaconess Hospital.