JOURNAL ENTRY AND OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} The appellant, Antonio Alaimo, appeals the decision of the Cuyahoga County Court of Common Pleas, Civil Division, which denied his partial motion for summary judgment and granted Continental Casualty Company's ("Continental") motion for summary judgment.
 {¶ 3} The instant matter stems from a motor vehicle accident that occurred on August 24, 1991. Alaimo was injured while driving his motorcycle as a result of the negligence of Jean Kotsybar. At the time of the accident, Kotsybar had a policy of liability insurance issued by State Farm Insurance Company ("State Farm") in the amount of $50,000. In exchange for a full and final release of Kotsybar, State Farm tendered to Alaimo the $50,000 policy limits.
 {¶ 4} At the time of the accident, Alaimo was employed at the Horsburgh Scott Company ("H S"). H S carried a Business Auto Coverage Policy with Continental with effective dates of March 31, 1991 to March 31, 1992. The Continental policy provided automobile liability coverage in the amount of $1,000,000 and uninsured/ underinsured motorist ("UM/UIM") coverage in the amount of $1,000,000.
 {¶ 5} On June 12, 2001, approximately ten years after the accident, Alaimo filed the instant action, pursuant to the Ohio Supreme Court's decision in Scott-Pontzer v. Liberty Mut. Ins. Co. (1999),85 Ohio St.3d 660, seeking UM/UIM coverage under the Continental policy of insurance issued to H S. Both Continental and Alaimo filed motions for summary judgment, and on December 17, 2002, the lower court entered judgment in favor of Continental determining that Alaimo breached both the notice and subrogation provisions of the Continental policy of insurance therefore precluding coverage.
 {¶ 6} Alaimo now appeals and presents three assignments of error for this court's review. Having a common basis in both law and fact, the appellant's three assignments of error will be addressed together. They state:
 {¶ 7} "I. The Trial Court Erred In Granting Continental's Motion For Summary Judgment On The Ground Of Breach Of Notice And Subrogation Provisions When The Plaintiff Presented Evidence, As Permitted ByFerrando v. Auto Owners Mut. Ins. Co., 2002 Ohio 7217, That The Insurer Was Not Actually Prejudiced Because Its Subrogation Right Was Not Worth Pursuing."
 {¶ 8} "II. The Trial Court Erred In Granting Continental's Motion For Summary Judgment In Reliance On Paragraph Four Of The Syllabus OfBogan v. Progressive Cas. Ins. Co. (1998), 36 Ohio St.3d 22, As, Within Days After The Trial Court's Judgment, The Relevant Portion Of Bogan Was Overruled In Ferrando v. Auto Owners Mut. Ins. Co."
 {¶ 9} "III. The Trial Court Erred In Granting Continental's Motion For Summary Judgment On The Ground Of Breach Of Notice And Subrogation Provisions When, Prior To The Decision In Scott-Pontzer v. Liberty Mut.Ins. Co., Compliance With Such Provisions Would Have Been The Doing Of A Vain Act."
 {¶ 10} Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Norris v.Ohio Std. Oil Co. (1982), 70 Ohio App.2d 1; Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317.
 {¶ 11} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317,330; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356.
 {¶ 12} In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Medina Ltd. of Texas (1991), 59 Ohio St.3d 108. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." Id. at 296. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 13} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v. McFaul
(1990), 71 Ohio App.3d 46, 50; Link v. Leadworks Corp. (1992),79 Ohio App.3d 735, 741.
 {¶ 14} Here, the appellant asserts that he is afforded UM/UIM coverage pursuant to the Ohio Supreme Court's ruling in Scott-Pontzer v.Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660. In Scott-Pontzer, the Supreme Court of Ohio determined that a commercial automobile policy issued to Superior Dairy, Inc. provided benefits to Kathryn, the surviving spouse of Christopher Pontzer. Pontzer was an employee of Superior Dairy, not in the scope of his employment, when he was killed in an automobile accident caused by the negligence of another motorist. The commercial automobile policy issued to the corporation designated Superior Dairy, Inc. as the named insured, and the underinsured motorists section included the following definition of insured:
 {¶ 15} "B. Who Is An Insured" 1. You.
 {¶ 16} "2. If you are an individual, any family member.
 {¶ 17} "3. Anyone else occupying a covered auto or a temporary substitute for a covered auto. The covered auto must be out of service because of its breakdown, repair, servicing, loss or destruction.
 {¶ 18} "4. Anyone for damages he or she is entitled to recover because of bodily injury sustained by another insured."
 {¶ 19} The Ohio Supreme Court concluded that the above definition of "insured" was ambiguous in that the term "you" could be construed to include the corporation's employees because a corporation can act only by and through real live persons. Employing the legal principle that ambiguous provisions in an insurance contract will be construed against the insurer, the court concluded that Pontzer was an insured at the time of his death under the underinsured motorists provision of the commercial automobile policy issued to Superior Dairy, Inc.
 {¶ 20} In the instant matter, the lower court determined that the appellant was an insured under the Continental policy of insurance issued to the appellant's employer, H S. However, they further determined the appellant was precluded from seeking coverage under the policy because he breached the subrogation and notice provisions of the policy of insurance. Under the Continental policy, both the Business Auto Coverage Form and the Ohio Uninsured Motorist Coverage endorsement contain conditions to coverage, including notice and subrogation provisions. The Business Auto Coverage Form includes the following notice provisions:
 {¶ 21} "2. Duties In The Event Of Accident, Claim, Suit Or Loss
 {¶ 22} "a. In the event of `accident,' claim, `suit' or `loss,' you must give us or our authorized representative prompt notice of the `accident' or `loss.' Include:
 {¶ 23} "(1) How, when and where the `accident' or `loss' occurred;
 {¶ 24} "(2) The `insured's' name and address; and
 {¶ 25} "(3) To the extent possible, the names and addresses of any injured persons and witnesses.
 {¶ 26} "b. Additionally, you and any other involved `insured' must:
 {¶ 27} "* * *
 {¶ 28} "(3) Cooperate with us in the investigation, settlement or defense of the claim or `suit.'"
 {¶ 29} Additionally, the Business Auto Coverage Form contains the following subrogation condition:
 {¶ 30} "5. Transfer Of Rights Of Recovery Against Others To Us
 {¶ 31} "If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after `accident' or `loss' to impair them."
 {¶ 32} Last, the Ohio Uninsured Motorist Endorsement provides the following with regard to notice and subrogation:
 {¶ 33} "C. EXCLUSIONS
 {¶ 34} "This insurance does not apply to any of the following:
 {¶ 35} "1. Any claim settled without our consent.
 {¶ 36} "E. CHANGES IN CONDITIONS
 {¶ 37} "The CONDITIONS are changed for UNINSURED MOTORISTS COVERAGE as follows:
 {¶ 38} "2. Duties In The Event Of Accident, Claim, Suit Or Loss is changed by adding the following:
 {¶ 39} "a. Promptly notify the police if a hit-and-run driver is involved; and
 {¶ 40} "b. Promptly send us copies of the legal papers if a `suit' is brought.
 {¶ 41} "3. TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US is changed by adding the following: If we make any payment and the `insured' recovers from another party, the `insured' shall hold the proceeds in trust for us and pay us back the amount we have paid."
 {¶ 42} In the instant appeal, the appellant argues that he should not have been required to give notice to Continental of his potential claim because at the time of the accident the Ohio Supreme Court had not issued its ruling in Scott-Pontzer, which extended coverage to covered employees. Second, the appellant contends that Continental was not prejudiced by his breach of the subrogation and notice provisions of the policy of insurance because the tortfeasor had no substantial assets at the time of release.
 {¶ 43} We note, a few days after the lower court journalized its decision in the instant matter, the Ohio Supreme Court issued its decision in Ferrando v. Auto-Owners Mut. Ins. Co., 2002-Ohio-7217, which significantly impacts this matter. In Ferrando, the court determined that "when an insurer's denial of underinsured motorist coverage is premised on the insured's breach of a prompt-notice provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the insured's unreasonable delay in giving notice." Id. at paragraph one of the syllabus. Further, "when an insurer's denial of uninsured motorist coverage is premised on the insured's breach of a * * * subrogation-related provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the failure to protect its subrogation rights." Id. at paragraph two of the syllabus. In each instance, an insured's unreasonable delay in giving notice, or an insured's breach of a subrogation provision is presumed prejudicial to the insurer absent evidence to the contrary. Id.
 {¶ 44} In light of the court's holding in Ferrando, the appellant's argument regarding compliance with notice provisions is clearly erroneous. The Ohio Supreme Court has stressed repeatedly that an insurance policy is a contract. Scott-Pontzer, supra at 663. Granted, the appellant's coverage may have arisen as a matter of law, but that does not mean that he is excused from complying with all the terms of the policy. Excusing the appellant from compliance with the notice and subrogation provisions of an insurance contract would void the insurance contract; the appellant would be entitled to all the benefits of the contract without being held to the mutual obligations contained in the contract, i.e., the notice and subrogation provisions.
 {¶ 45} Last, in attempting to circumvent his duties under the insurance contract, the appellant contends that Continental was not prejudiced by his breach of the subrogation and notice provisions of the policy of insurance because the tortfeasor had no substantial assets at the time of release. Specifically, the appellant argues that the tortfeasor had no savings or other substantial assets at the time of settlement; therefore, Contintental is not prejudiced by the destruction of its subrogation rights. However, the appellant fails to recognize that, although it is alleged that the tortfeasor may have had no substantial assets at the time of settlement, Continental did not make that determination. Further, it would be only reasonable that Continental is entitled to make that determination since it is Continental's subrogation rights that are impacted.
 {¶ 46} We note that a collectible tortfeasor is determined by a day-to-day analysis. Simply being uncollectible on one day does not mean that a tortfeasor will be uncollectible the next because of a potential change in the tortfeasor's financial situation. Judgment liens are entirely creatures of statute. Unless a judgment lien becomes dormant, there is no legal impediment to its collection. Lorain National Bank v.McGregor (Aug. 14, 1990), Lorain Cty. App. No. 90CA004744.
 {¶ 47} Accordingly, in applying the facts of the instant matter, it is clear that the appellant was under a duty to protect Continental's rights of subrogation prior to settlement with the tortfeasor. Further, by failing to protect Continental's rights of subrogation and notice provisions, the appellant was in material breach of the policy of insurance, a fact clearly determined by the lower court. However, in accordance with Ferrando, we must remand the instant matter to the lower court to determine whether the appellant's breach of the subrogation and consent to settle provisions was prejudicial to Continental. In followingFerrando, the lower court must be mindful that the burden of showing Continental was not prejudiced falls on the appellant since his breach is presumed prejudicial to the insurer absent evidence to the contrary. Id.; See, also, Straughan v. The Flood Co., 2003-Ohio-290.
Judgment reversed and remanded.
DIANE KARPINSKI, J., AND ANTHONY O. CALABRESE, JR., J., CONCUR.